■ JOHN SCHREINER, Appellant-Respondent, v CREMOSA CHEESE CORP., Respondent-Appellant. [609 NYS2d 322] —In an action to recover damages for personal injuries, (1) the plaintiff appeals from so much of an order of the Supreme Court, Suffolk County (Doyle, J.), dated February 19, 1992, as denied his motion for partial summary judgment on the issue of liability under Labor Law § 240 (1), and (2) the defendant cross-appeals from so much of the same order as denied its cross motion for summary judgment dismissing the plaintiff's complaint to the extent it alleged a cause of action under Labor Law § 240 (1).

Ordered that the order is modified, on the law, by deleting the provision thereof which denied the defendant's cross motion for summary judgment dismissing the plaintiff's complaint to the extent it alleged a cause of action under Labor Law § 240 (1), and substituting therefor a provision granting the cross motion; as so modified, the order is affirmed, with costs to the defendant.

The plaintiff was injured when he was hit in the hand by an unsecured wooden pallet, which was, at most, elevated four feet above the level of his feet. The plaintiff commenced this action against the defendant, the owner of the worksite, seeking damages, inter alia, under Labor Law § 240. The plaintiff then moved for summary judgment on the issue of liability under Labor Law § 240 (1) and the defendant cross-moved for summary judgment dismissing the Labor Law § 240 (1) cause of action. The Supreme Court denied both the motion and cross motion.

We find that Labor Law § 240 (1) does not apply to the facts of this case, and accordingly, the defendant's cross motion should have been granted. An object falling from a miniscule

height is not the type of elevation-related injury that this statute was intended to protect against *(see, Rocovich v Consolidated Edison Co.,* 167 AD2d 524, *affd* 78 NY2d 509). In view of the strict liability imposed by Labor Law § 240 (1), the statutory language must not be strained in order to encompass what the Legislature did not intend to include *(see, Cosentino v Long Is. R. R.,* 201 AD2d 528; *Karaktin v Gordon Hillside Corp.,* 143 AD2d 637; *Manente v Ropost, Inc.,* 136 AD2d 681). Thompson, J. P., Santucci, Krausman and Florio, JJ., concur.