■ FRANK J. SUTFIN, JR., Respondent, v ITHACA COLLEGE, Appellant. [659 NYS2d 555] —Carpinello, J. Appeal from that part of an order of the Supreme Court (Relihan, Jr., J.), entered June 21, 1996 in Tompkins County, which, *inter alia*, denied defendant's cross motion for summary judgment dismissing plaintiff's Labor Law § 240 (1) cause of action.

On October 7, 1993, plaintiff and a fellow worker were standing four feet apart on a five-story scaffold lowering planks from one level of the scaffold to another. The fellow worker lost the grip of his end of the load, causing the planks to fall and pin plaintiff's arm between the planks and an outrigger. At issue on appeal is the propriety of Supreme Court's order granting plaintiff summary judgment on his Labor Law § 240 (1) cause of action against defendant.*

Plaintiff claims that his injury "resulted directly from the operation of gravity on the planks, causing them to fall on [him]". Labor Law § 240 (1) affords legal protection to those workers exposed to special hazards resulting from worksite elevation differentials (*see, Ross v Curtis-Palmer Hydro-Elec. Co.*, 81 NY2d 494, 500-501; *Rocovich v Consolidated Edison Co.*, 78 NY2d 509, 514). In the absence of "a difference between the elevation level of the required work and a lower level or a difference between the elevation level where the worker is positioned and the higher level of the materials or load being

* Although plaintiff also asserted violations of Labor Law §§ 200 and 241 (6) in his complaint, these claims were dismissed by Supreme Court and no cross appeal has been taken by plaintiff.

hoisted or secured" (*Rocovich v Consolidated Edison Co., supra,* at 514), there is no basis for liability pursuant to Labor Law § 240 (1) (*see, Ross v Curtis-Palmer Hydro-Elec. Co., supra; Rocovich v Consolidated Edison Co., supra*). Unless a worker's injuries actually resulted from the kind of risk that brought about the need for a protective device in the first instance, there can be no Labor Law § 240 liability (*see, Misseritti v Mark IV Constr. Co.,* 86 NY2d 487). Applying these principles to the instant case, we find that plaintiff's cause of action under Labor Law § 240 (1) fails and that Supreme Court erred in granting plaintiff summary judgment on this claim.

In *Misseritti v Mark IV Constr. Co.,* the Court of Appeals stated: "We have expressly held that 'Labor Law § 240 (1) was aimed only at elevation-related hazards and that, accordingly, injuries resulting from other types of hazards are not compensable under that statute *even if proximately caused by the absence of * * * [a] required safety device*'" (*id.,* at 490, quoting *Ross v Curtis-Palmer Hydro-Elec. Co., supra,* at 500 [emphasis supplied]). Here, while the hazard causing plaintiff's injury, i.e., a fellow worker dropping his end of a heavy object, was tangentially connected with the effects of gravity (*see, Ross v Curtis-Palmer Hydro-Elec. Co., supra,* at 501), we find that plaintiff's injuries resulted from "the type of 'ordinary and usual' peril a worker is commonly exposed to at a construction site" (*Misseritti v Mark IV Constr. Co., supra,* at 489). Indeed, "[a]n object falling from a miniscule height is not the type of elevation-related injury that this statute was intended to protect against" (*Schreiner v Cremosa Cheese Corp.,* 202 AD2d 657, 657-658; *see, Phillips v City of New York,* 228 AD2d 570, 571). Here, plaintiff was working at the same level as his fellow worker and the planks that caused the injury to his arm were located, at most, two feet above them (*cf., Sheridan v Beaver Tower,* 229 AD2d 302, 303, *lv dismissed* 89 NY2d 860).

This case is nearly indistinguishable from *Dupuy v Hayner Hoyt Corp.* (221 AD2d 901, *lv dismissed* 87 NY2d 1056). In that case, the plaintiff was injured when a fellow worker at ground level lost his grip on one end of a portable concrete conveyer. The plaintiff was unable to continue holding the other end of the conveyor due to its weight and was struck by the conveyor, which knocked him down onto the scaffolding on which he was standing. The Fourth Department held that "[b]ecause plaintiff did not fall from an elevated work site and the object causing his injury was at the same level as plaintiff, Labor Law § 240 (1) does not apply" (*id.,* at 901). We feel the same analysis applies to the facts of this case (*see also, Rodriguez v Tietz Ctr.*

*for Nursing Care*, 84 NY2d 841, 843-844 [Labor Law § 240 (1) inapplicable where a worker was struck in the knee by a 120-pound steel beam he was hoisting into place]; *Butler v Ithaca Coll.*, 231 AD2d 974, *affg* Sup Ct, Chemung County, Oct. 5, 1995, Corning, J. [Labor Law § 240 (1) inapplicable where a worker, while on a scaffold, was struck on the hand by a plank dropped by a co-worker]).

The risk that, while moving heavy objects with another, a fellow worker might drop his or her end of the object existed regardless of whether plaintiff was on a scaffold (*compare, Adamczyk v Hillview Estates Dev. Corp.*, 226 AD2d 1049; *Narrow v Crane-Hogan Structural Sys.*, 202 AD2d 841, 842). Because plaintiff was not injured by a hazard contemplated by the statute, summary judgment should have been granted to defendant dismissing the Labor Law § 240 (1) cause of action (*see, Rodriguez v Tietz Ctr. for Nursing Care*, 84 NY2d 841, 843-844, *supra*; *Butler v Ithaca Coll.*, 231 AD2d 974, *supra*; *see generally, Kelleher v Power Auth.*, 211 AD2d 918 [a plaintiff injured when his hand became caught in a drill as he steadied himself on a ladder did not suffer a Labor Law § 240 (1) elevation-related injury]).

As a final matter, we are not persuaded that this Court's prior decisions in *Mattison v Wilmot* (228 AD2d 991, *lv dismissed* 89 NY2d 917), *Wensley v Argonox Constr. Corp.* (228 AD2d 823, *lv dismissed* 89 NY2d 861) or *Sasso v NYMED, Inc.* (238 AD2d 799) mandate a contrary result.

Cardona, P. J., Mercure, Crew III and White, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as granted plaintiff partial summary judgment and denied defendant's cross motion on the Labor Law § 240 (1) cause of action; cross motion granted to that extent, partial summary judgment awarded to defendant and said cause of action dismissed; and, as so modified, affirmed.