■ KENNETH NITZ, JR., Respondent, v GUSMER CORPORATION et al., Appellants, et al., Defendant. (And a Third-Party Ac-

tion.) [666 NYS2d 841] —Carpinello, J. Appeal from an order of the Supreme Court (Ceresia, Jr., J.), entered October 16, 1996 in Rensselaer County, which, *inter alia*, partially denied motions by defendants for summary judgment dismissing the complaint.

Plaintiff and his brother were inside a trailer owned by their employer, third-party defendant Sandra Nitz, on property owned by defendant Wallace Space Conditioning, Inc. when they had an argument which escalated into a physical altercation. During the scuffle, which grew out of a dispute over their respective cleaning assignments in the trailer, plaintiff's brother pushed him into two stacked barrels. The top barrel, which was only three feet from the base of the trailer began to topple and knocked plaintiff into a proportioner mixing machine housed in the trailer and manufactured by defendant Gusmer Corporation.

Plaintiff cut his left arm on the edge of the machine, which was not being used when the fight broke out, and sued Wallace, alleging as relevant here Labor Law § 240 (1) and § 241 (6) violations, and Gusmer, alleging strict products liability, breach of warranty and negligence causes of action. Wallace appeals from Supreme Court's order denying its motion for summary judgment on the Labor Law causes of action contending that neither provision is applicable to plaintiff's accident; Gusmer appeals from said order contending, *inter alia*, that any alleged defect in the proportioner machine was not the proximate cause of plaintiff's injuries. We agree.

Labor Law § 240 (1), the "scaffolding act", imposes absolute liability in situations where a worker is exposed to gravity-related accidents such as the risk of falling from an elevated worksite or being struck by material falling from a height (*see, Ross v Curtis-Palmer Hydro-Elec. Co.*, 81 NY2d 494, 500-501; *Rocovich v Consolidated Edison Co.*, 78 NY2d 509, 514; *Sutfin v Ithaca Coll.*, 240 AD2d 989, 990; *Allen v Hodorowski & DeSantis Bldg. Contrs.*, 220 AD2d 959, 960). "Unless a worker's injuries actually resulted from the kind of risk that brought about the need for a protective device in the first instance, there can be no Labor Law § 240 liability" (*Sutfin v Ithaca Coll., supra*, at 990; *see, Jock v Fein*, 80 NY2d 965, 967). Furthermore, an object falling from a minuscule height is not the type of elevation-related injury for which the statute was intended to provide a remedy (*see, id.*; *Phillips v City of New York*, 228 AD2d 570; *Schreiner v Cremosa Cheese Corp.*, 202 AD2d 657, 657-658; *Corsaro v Mt. Calvary Cemetery*, 214 AD2d 950, 950-951). Under the circumstances of this case, plaintiff's

injuries clearly do not fall within the purview of Labor Law § 240 (1).

Plaintiff was not engaged in any elevation-related activity when his injury occurred. He was fighting at ground level inside a trailer. Plaintiff's attempt to create a Labor Law § 240 (1) scenario out of this altercation because an unsecured barrel fell over during the bout merits little attention. The two barrels were at the same level as plaintiff and the top stacked barrel fell a mere three feet; thus, there was no elevation-related hazard from which Labor Law § 240 (1) was intended to provide protection (*see, e.g., Sutfin v Ithaca Coll., supra; Klein v County of Monroe*, 219 AD2d 846, 847, *lv denied* 87 NY2d 804; *Corsaro v Mt. Calvary Cemetery, supra; Carringi v International Paper Co.*, 184 AD2d 137).

With respect to the Labor Law § 241 (6) claim, we find that plaintiff was not engaged in a type of work which falls within its scope. At the time plaintiff was injured, there was no "construction, excavation or demolition *work*" (Labor Law § 241 [6] [emphasis supplied]) being performed in the trailer; rather, plaintiff was fighting. The Labor Law affords protection to workers, not fighters. Furthermore, the routine cleaning work assigned to plaintiff before the fight was far removed from the risks associated with the construction or demolition of a building or structure (*see*, 12 NYCRR 23-1.4 [b] [13]; *see generally, Walton v Devi Corp.*, 215 AD2d 60, *lv denied* 87 NY2d 809; *Malczewski v Cannon Design*, 125 AD2d 941).

With respect to Gusmer, we need only note that whether an "action is pleaded in strict products liability, breach of warranty or negligence, it is a consumer's burden to show that a defect in the product was a substantial factor in causing the injury" (*Tardella v RJR Nabisco*, 178 AD2d 737). Here, any alleged defect in the proportioner mixing machine was not a substantial factor in causing plaintiff's injuries. Rather, the altercation between plaintiff and his brother was the sole proximate cause of the injuries. Indeed, plaintiff himself readily admitted that had he not been fighting with his brother, he would not have been injured. Under these circumstances, summary judgment should have been awarded to Gusmer as well.

Finally, in view of the late filing of plaintiff's brief, despite repeated requests from the Clerk's office of this Court, appeal costs shall be imposed against plaintiff's counsel personally (*see*, 22 NYCRR 800.9 [d]).

Cardona, P. J., Mercure, Casey and Spain, JJ., concur. Ordered that the order is modified, on the law, with one bill of costs to appellants, against plaintiff's counsel, by reversing so

much thereof as partially denied the motion of defendant Wallace Space Conditioning, Inc. for summary judgment and denied the motion of defendant Gusmer Corporation for summary judgment; said motions granted and summary judgment awarded to defendants dismissing the remaining causes of action against them; and, as so modified, affirmed.