■ RANDY W. McGUIRE et al., Appellants-Respondents, v INDEPENDENT CEMENT CORPORATION et al., Respondents-Appellants, et al., Defendants. [679 NYS2d 745] —Peters, J. Cross appeals from an order of the Supreme Court (Connor, J.),

entered November 14, 1997 in Columbia County, which denied motions by certain defendants for summary judgment dismissing the complaint against them and denied plaintiffs' cross motion for, *inter alia*, partial summary judgment on the issue of liability pursuant to Labor Law § 240 (1).

Defendants Independent Cement Corporation and St. Lawrence Cement, Inc. (hereinafter collectively referred to as ICC/St. Lawrence) hired contractors, in connection with the demolition of its cement plant, to remove a 500-foot kiln which it sold to defendant Colorado Minerals Development Corporation (hereinafter CMDC). Responsible for its dismantlement and removal, CMDC subcontracted with defendant Cameron Industries, Inc. who hired both defendant Precision Metals, Inc. (hereinafter Precision) to remove the brick and Environmental Management Corporation (hereinafter EMC) to scrap the steel.

Plaintiff Randy W. McGuire (hereinafter plaintiff), an employee of EMC, was cutting steel with a blow torch while working on a metal platform on the first floor located approximately five feet from the ground. On the floor above him, a ramp had been constructed to expand the opening of the kiln to accommodate the movement of construction equipment. Notwithstanding the concrete floor separating plaintiff and the contractors above him, plaintiff contends that their use of a bulldozer and its resultant vibrations caused a chunk of cement to dislodge from one of the I-beams overhead. The concrete hit plaintiff on his hard hat and between his shoulder blades, causing his hand to be driven into the piece of steel that he was cutting.

The resultant injuries were the basis of this action commenced by plaintiff, and his wife derivatively, alleging violations of Labor Law §§ 200, 240 and 241 (6). After joinder of issue, ICC/St. Lawrence, as well as Cameron, moved for summary judgment. This prompted plaintiffs' motion to amend the bill of particulars to include specific regulatory violations in support of its claim under Labor Law § 241 (6) and for partial summary judgment with regard to the Labor Law § 240 (1) cause of action. After Supreme Court granted plaintiffs' motion to amend and denied all motions for summary judgment, these cross appeals ensued.

Addressing first the Labor Law § 200 claim, it is well settled that a plaintiff must show that the defendants had " 'the authority to control the activity bringing about the injury' " (*Comes v New York State Elec. & Gas Corp.*, 82 NY2d 876, 877, quoting *Russin v Picciano & Son*, 54 NY2d 311, 317; *see, Ross v Curtis-Palmer Hydro-Elec. Co.*, 81 NY2d 494; *Young v Bar-*

*den & Robeson Corp.*, 247 AD2d 755, *lv denied* 92 NY2d 802) or "had actual or constructive notice of the alleged unsafe condition that caused the accident" (*Houde v Barton*, 202 AD2d 890, 891-892, *lv dismissed* 84 NY2d 977)—"an outgrowth of the basic common-law principle that 'an owner or general contractor [sh]ould not be held responsible for the negligent acts of others over whom [the owner or general contractor] had no direction or control'" (*Ross v Curtis-Palmer Hydro-Elec. Co.*, *supra*, at 505, quoting *Allen v Cloutier Constr. Corp.*, 44 NY2d 290, 299).

While both ICC/St. Lawrence and Cameron assert that they did not have any supervisory role over EMC employees or plaintiff's worksite, the record reflects that ICC/St. Lawrence, as the owner of the premises, hired several employees in a supervisory capacity like Eugene Daniel, the project director, whose role was to oversee the demolition and construction of the new plant. Edward Tanczos, civil engineer and safety manager, conducted safety meetings with all contractors on the project and, according to his own testimony, supervised the sale and disassembly of the machinery. Cameron, who was hired by CMDC, held safety meetings not only with his own employees but ultimately with the other contractors, and CMDC was found to have furnished all funds to pay Cameron employees. Moreover, Cameron, who had a long work history with Carlos Villachica, owner of CMDC, was found to be on site daily to oversee the dismantling of the kiln. As a result of this intermingled environment, ICC/St. Lawrence employee Joan Buser averred that it was her understanding that EMC, who employed plaintiff, was working for Cameron and Villachica.

Viewing the evidence in a light most favorable to plaintiffs, we find that a triable issue of fact exists as to whether ICC/St. Lawrence or Cameron exercised the requisite degree of control over the construction area where plaintiff was injured to warrant responsibility to befall either one of them pursuant to Labor Law § 200 or through principles of common-law negligence.

As to the failure to dismiss plaintiffs' Labor Law § 240 (1) cause of action, we find error. The application of Labor Law § 240 (1) has been found to encompass "only special hazards inherent in elevation-related tasks" (*Gill v Kosoff & Sons*, 229 AD2d 824, 825; *Rocovich v Consolidated Edison Co.*, 78 NY2d 509, 514). However, that does not mean that it "encompass[es] *any and all* perils that may be connected in some tangential way with the effects of gravity. Rather, [they] * * * are limited

to such specific gravity-related accidents as falling from a height or being struck by a falling object that was improperly hoisted or inadequately secured" (*Ross v Curtis-Palmer Hydro-Elec. Co.*, 81 NY2d 494, 501, *supra* [emphasis in original]; *see, Misseritti v Mark IV Constr. Co.*, 86 NY2d 487; *Young v Barden & Robeson Corp.*, *supra*, at 755-756).

Here, the record clearly demonstrates that plaintiff was not performing work at an elevated level requiring the provision of any of the devices listed in Labor Law § 240 (1) and that he was not struck by an object that was being improperly hoisted or inadequately secured. Instead, he was injured by a piece of concrete which was allegedly dislodged by the vibrations of the machinery used on the floor above him. In these circumstances, we cannot find that the mandates of Labor Law § 240 (1) were violated, thus making the imposition of strict liability applicable (*see, Smith v New York State Elec. & Gas Corp.*, 82 NY2d 781; *Tambasco v Norton Co.*, 207 AD2d 618, *lv dismissed* 85 NY2d 857; *Carringi v International Paper Co.*, 184 AD2d 137).

Finally, as to the cause of action alleging a violation of Labor Law § 241 (6), we find no abuse of discretion in permitting plaintiffs to amend their bill of particulars for further specificity. They did not allege any new facts nor could a viable claim of prejudice or surprise be asserted, especially since further discovery was permitted (*see, Murray v City of New York*, 43 NY2d 400). Moreover, evidence that this plant had long been dormant and that it was common to find accumulations of cement dust on horizontal surfaces, making it a practice for some contractors to remove these accumulations prior to the commencement of their work, supports plaintiffs' assertion that a viable claim is alleged under Labor Law § 241 (6) since a specific standard of conduct was breached. With facts sufficient to allege that this was an area "normally exposed to falling material or objects" (12 NYCRR 23-1.7 [a] [1]), thereby imposing a nondelegable duty to provide the enumerated protective apparatus (*see, Ross v Curtis-Palmer Hydro-Elec. Co.*, *supra*, at 503-505), "irrespective of [defendants'] control or supervision of the construction site" (*Allen v Cloutier Constr. Corp.*, 44 NY2d 290, 300, *supra*), we find that a dismissal of the Labor Law § 241 (6) allegations would have been improper.

Cardona, P. J., Spain, Carpinello and Graffeo, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as denied the motions by defendants Independent Cement Corporation, St. Lawrence Cement, Inc. and Cameron Industries, Inc. for summary judgment dismissing the Labor Law § 240 (1) cause of action

against them; motions granted to that extent and partial summary judgment awarded to these defendants dismissing said cause of action against them; and, as so modified, affirmed.