■ SUZANNE J. DICKINSON et al., Appellants, v DOWBRANDS, INC., et al., Respondents. [689 NYS2d 548] —Graffeo, J. Appeal from a judgment of the Supreme Court (Donohue, J.), entered February 18, 1998 in Albany County, which granted defendants' motion for summary judgment dismissing the complaint.

On August 10, 1993, plaintiff Suzanne J. Dickinson (hereinafter plaintiff) was ascending the basement stairs of her home with a box of Handi-Wrap brand plastic wrap in her hand when she fell. Plaintiff allegedly sustained a laceration to the base of her right thumb from the serrated edge of the Handi-Wrap box. Defendants moved for summary judgment dismissing plaintiffs' complaint which was granted by Supreme Court on the basis that the alleged negligence and products liability were not a proximate cause of plaintiff's injury.

Regardless of whether an action is pleaded as a products liability, negligence or breach of warranty cause of action, a plaintiff must demonstrate that the alleged defect was a proximate cause of the injury (see, Nitz v Gusmer Corp., 245 AD2d 929). However, in determining whether "defendant's negligence was a substantial cause of the events which produced the injury" (Derdiarian v Felix Contr. Corp., 51 NY2d 308, 315), a superseding act may intervene between the defendant's conduct and the plaintiff's injury. Where a superseding act is not foreseeable in the normal course of events, or independent of or far removed from the defendant's conduct, it breaks the causal nexus (see, id., at 315; Smith v Stark, 67 NY2d 693, 694).

Based on a review of the record, we conclude that the sole proximate cause of plaintiff's injury was her fall, and this independent and intervening act was "so attenuated from the defendants' conduct that responsibility for the injury should not reasonably be attributed to them" (Gordon v Eastern Ry. Supply, 82 NY2d 555, 562), thereby severing any alleged negligence or strict products liability. Therefore, any alleged negligence or defect in the product was not a proximate cause of plaintiff's injury, especially in light of the fact that plaintiff acknowledged that had she not slipped and fallen on the step, she would not have cut her hand (see, Nitz v Gusmer, supra; Knickerbocker v De Mars, 147 AD2d 739).

We also reject plaintiffs' contention that the lack of warnings on the box necessitated a denial of defendants' motion. As a general rule, where a warning would merely inform a plaintiff of a risk of which he or she was already aware, a manufacturer is not held liable (*see, Kelly v Academy Broadway Corp.*, 206 AD2d 794; *Baptiste v Northfield Foundry & Mach. Co.*, 184 AD2d 841, 843; *Lombard v Centrico, Inc.*, 161 AD2d 1071, 1072). Here, plaintiff testified in her deposition that she was well aware of the serrated edge of the box and that it was sharp, and therefore defendants should not be held liable for their alleged failure to warn.

Cardona, P. J., Crew III, Peters and Carpinello, JJ., concur. Ordered that the judgment is affirmed, with costs.