■ VICTOR STANG, Respondent, v ROBERT GARBELLANO et al., Appellants. [692 NYS2d 229] —Carpinello, J. Appeal from that part of an order of the Supreme Court (Lynch, J.), entered December 16, 1998 in Schenectady County, which, *inter alia*, granted plaintiff's motion for partial summary judgment on the issue of liability under Labor Law § 240 (1) and § 241 (6).

At the time plaintiff suffered the injuries which form the basis of this action, he was aloft a 10-foot step ladder attempting to replace a four-foot by eight-foot sign on property owned by defendants. The sign was mounted between two poles and secured by four lag bolts attached to brackets. Plaintiff removed the old lag bolts and attached angle iron brackets and new lag bolts to the sign to prepare it for removal. He then placed the hook of a crane onto the newly installed hardware. Because the sign was wedged between the two poles, plaintiff pushed it out to permit his co-worker Brian O'Connor to lift it with a crane. On the third attempt to remove the sign, it having swung back into place following the first two pushes, the sign became unhooked from the crane and fell on plaintiff's arm. Supreme Court granted plaintiff partial summary judgment under Labor Law § 240 (1) and § 241 (6). Defendants appeal and we affirm.*

Contrary to defendants' contention, plaintiff suffered the type of elevation-related injury for which Labor Law § 240 (1) was intended to provide a remedy. In support of summary judg-

---

* Although plaintiff also asserted violations of Labor Law § 200 and common-law negligence, these claims were dismissed by Supreme Court and no cross appeal has been taken from this ruling.

ment, plaintiff submitted the affidavit of a professional engineer who averred that the crane was rigged with an improper safety device (a lag bolt or bolts attached to the angle iron) and that protective devices specified under Labor Law § 240 (1) (nylon slings and a tag line) should have been used. If they had, according to this expert, "the sign would not have been permitted to fall from the crane, even when the lag bolted hardware pulled from the sign". These averments went unrefuted.

The risk of being struck by an improperly hoisted or inadequately secured falling object is a hazard explicitly contemplated by the statute (*see, Ross v Curtis-Palmer Hydro-Elec. Co.*, 81 NY2d 494, 500-501) and the injury in this case was caused by the lack of specifically enumerated Labor Law § 240 (1) safety devices (i.e., nylon slings and a tag line) which would have prevented the improperly hoisted and secured sign from falling on plaintiff's arm. Accordingly, summary judgment was properly granted on this claim (*see, Diamond v Reilly Homes Constr. Corp.*, 245 AD2d 763, 765; *Sheridan v Beaver Tower*, 229 AD2d 302, 303, *lv dismissed* 89 NY2d 860; *Severino v Schuyler Meadows Club*, 225 AD2d 954, 956). We have reviewed the cases relied upon by defendants in support of their claim that summary judgment was improperly granted to plaintiff (*see, e.g., Sutfin v Ithaca Coll.*, 240 AD2d 989; *Malecki v Wal-Mart Stores*, 222 AD2d 1010; *Schreiner v Cremosa Cheese Corp.*, 202 AD2d 657) and find that they do not warrant a contrary result. We are also not persuaded that *Melo v Consolidated Edison Co.* (92 NY2d 909) is dispositive of plaintiff's Labor Law § 240 (1) claim or overruled or limited our prior holding in *Diamond v Reilly Homes Contr. Corp. (supra)*.

With respect to his Labor Law § 241 (6) claim, plaintiff alleges a violation of 12 NYCRR 23-8.2 (c) (3), which sets forth a specific safety standard pertaining to the hoisting of loads by a mobile crane (*see, Smith v Hovnanian Co.*, 218 AD2d 68, 71). As pertinent here, the regulation provides: "Loads lifted by mobile cranes shall be raised vertically so as to avoid swinging during hoisting * * *. A tag or restraint line shall be used when rotation or swinging of any load being hoisted by a mobile crane may create a hazard" (12 NYCRR 23-8.2 [c] [3]). It is undisputed that plaintiff three times pushed the sign while it was attached to the mobile crane and that on its third swing back the hardware broke loose causing it to fall. Plaintiff's expert averred that a tag line should have been used in this case. This averment having been unrefuted, summary judgment was properly granted with respect to defendants' viola-

tion of 12 NYCRR 23-8.2 (c) (3) (*compare, Mitchell v Triborough Bridge & Tunnel Auth.*, 220 AD2d 727).

To the extent that defendants argue that 12 NYCRR 23-8.2 (c) (3) does not apply in this case because plaintiff and O'Connor were lowering, as opposed to hoisting or lifting the sign, we are unpersuaded. The deposition testimony of both individuals unequivocally established that they were in the course of *lifting* the sign out of its position between the poles when it became unhooked from the crane. For example, plaintiff testified that after he manually pushed the sign, he instructed O'Connor to "start to *lift*" and that the latter in fact "began to *lift* it with the crane truck" (emphasis supplied). O'Connor similarly described the removal of the sign in terms of *lifting*. Thus, while the existing sign was ultimately to be lowered to the ground and the new sign installed between the poles, defendants' argument that no hoisting or lifting occurred as contemplated by the regulation is belied by the record.

Crew III, J. P., Yesawich Jr., Spain and Graffeo, JJ., concur. Ordered that the order is affirmed, with costs.