■ ROBIN BAILEY et al., Respondents, v YOUNG MEN'S CHRISTIAN ASSOCIATION OF THE CAPITAL DISTRICT et al., Appellants. [699 NYS2d 565] —Mugglin, J. Appeal from an order of the Supreme Court (Keniry, J.), entered July 13, 1998 in Saratoga County, which granted plaintiffs' motion for partial summary judgment on the issue of liability pursuant to Labor Law § 240.

On November 13, 1993, a Saturday, plaintiff Robin Bailey (hereinafter plaintiff) was working as a supervisor for an electrical subcontractor in the construction of a facility owned by the YMCA. Plaintiff's crew were the only people working in the facility on that day. Plaintiff's specific task was to install electrical junction boxes on the ground floor of the gymnasium.

Since an electrical power source was not available on the ground floor, plaintiff ascended to an elevated running track approximately nine feet above the gymnasium floor to plug in an extension cord. When plaintiff returned to the ground floor, he found that the electrical cord was too short and after pulling thereon, was struck in the forehead by a falling object. After the incident, plaintiff found on the floor a concrete core approximately six inches long and three inches wide. The day before plaintiff's accident, workers had been removing concrete cores on the running track for the purpose of installing a permanent railing along the outside of the track. Plaintiff's deposition testimony indicates that he did not observe concrete cores lying on the track when he plugged in his extension cord.

Plaintiffs moved for summary judgment on the issue of liability with respect to their cause of action under Labor Law § 240 (1) arguing that since plaintiff's injuries were associated with an elevated risk and he was injured by a falling concrete core at his work site, he was entitled to a finding of liability as a matter of law. Supreme Court granted plaintiffs' motion from which defendant now appeals.

Labor Law § 240 (1) is designed to protect employees on construction sites from elevation-related risks. Elevation risks covered by the statute "are those related to the effects of gravity where protective devices are called for either because of a difference between the elevation level of the required work and a lower level or a difference between the elevation level where the worker is positioned and the higher level of the materials or load being hoisted or secured" (*Rocovich v Consolidated Edison Co.*, 78 NY2d 509, 514). Liability does not attach where a worker is struck by any falling object but is limited to situations in which the worker is struck by a falling object that was improperly hoisted or inadequately secured (*see, Ross v Curtis-Palmer Hydro-Elec. Co.*, 81 NY2d 494, 501; *Carringi v International Paper Co.*, 184 AD2d 137). Supreme Court, in granting partial summary judgment to plaintiffs, correctly recognized that absolute liability exists where the employee is struck by falling equipment or materials.

Thus, the issue to be resolved herein is whether the concrete core which allegedly struck plaintiff constitutes equipment or materials which were being inadequately or improperly hoisted or secured. Since we find that the concrete core does not fall in either category, we reverse. First, we note that the work required of plaintiff was not elevated. His work site on this particular day was the ground floor of the gymnasium. The record does not reveal that plaintiff was at a lower elevation from

any materials or load being hoisted or secured. The record reveals that no other employees were on the project site at the time in question and no other work was being performed in the area of the track under which plaintiff was allegedly struck. In these circumstances, plaintiff's work entailed no elevation-related risk requiring the provision of any safety device listed in Labor Law § 240 (1). The concrete core which allegedly struck plaintiff in the forehead does not constitute material or any load being hoisted or secured (*see, McGuire v Independent Cement Corp.*, 255 AD2d 646).

Since we have determined that plaintiff was not injured as a result of an elevation-related risk, we have not reached the balance of plaintiffs' contentions.

Crew III, J. P., Spain, Carpinello and Graffeo, JJ., concur. Ordered that the order is reversed, on the law, with costs, and motion denied.