Peters, Spain, Carpinello and Graffeo, JJ., concur. Ordered that the order is affirmed, with costs.

■ CAROLYN COREY, Individually and as Executor of STEVEN COREY, Deceased, Appellant, v GORICK CONSTRUCTION COMPANY, INC., et al., Respondents. (And Two Third-Party Actions.) [706 NYS2d 512] —Spain, J. Appeals (1) from an order of the Supreme Court (Monserrate, J.), entered June 24, 1999 in Broome County, which, *inter alia*, granted defendants' cross motion for partial summary judgment dismissing the Labor Law § 240 (1) cause of action, and (2) from an order of said court, entered July 26, 1999 in Broome County, which granted plaintiff's motion for reargument and, upon reargument, adhered to its prior order.

In November 1997, Steven Corey (hereinafter decedent) was fatally injured at the site of a building which had been destroyed by fire which was owned by defendant Green Peace Environmental Services, Inc. in the City of Binghamton, Broome County. Green Peace had contracted with defendant Gorick Construction Company, Inc. to demolish the building. Gorick subcontracted with third-party defendant Sunstream Corporation, decedent's employer, to remove asbestos-contaminated debris from the site.

On the day of the accident, Gorick's site supervisor was operating a Caterpillar 235 excavator backhoe equipped with a hydraulic clamp to remove large steel beams from the basement area of the former building; the backhoe was positioned at street level. To complete this task, the operator, using the hydraulic clamp, lifted each beam out of the basement approximately 8 to 10 feet above the ground, moved the beam away from the basement area, and then released the beam at the designated area. The beams were dropped from that height so that attached debris would be shaken loose upon impact in order to prepare the beams for salvage. Decedent, who was involved with the task of removing debris from the demolition site, entered the "swing area" of the backhoe's arm unbeknownst to the operator, where he was struck by a beam released by the operator.

Plaintiff, individually and as the executor of decedent's

estate, commenced this action in February 1998 asserting, *inter alia*, a claim under Labor Law § 240 (1). Following discovery, plaintiff moved for partial summary judgment on the issue of liability under Labor Law § 240 (1), prompting defendants and Sunstream to cross-move for partial summary judgment seeking dismissal of this claim. Supreme Court denied plaintiff's motion, granted the cross motions and subsequently adhered to its position on plaintiff's motion to reargue, finding Labor Law § 240 (1) inapplicable to the facts at issue. We affirm.

Initially, plaintiff appeals from the order issued upon her reargument motion. Supreme Court stated in its order that it was denying reargument and, of course, no appeal would lie as of right from such an order (*see, Matter of Town of Poestenkill v New York State Dept. of Envtl. Conservation*, 229 AD2d 650; *see also*, CPLR 2221 [d]); however, we interpret the court's decision and order—which addressed the merits of plaintiff's claim—as having granted reargument and adhered to its prior order, which is appealable as of right to this Court (*see, Besicorp Group v Enowitz*, 268 AD2d 846, 847-848; *see also*, CPLR 5701 [a] [2] [viii]; Siegel, NY Prac § 254, at 414 [3d ed]).

Turning to plaintiff's Labor Law § 240 (1) claim, it was incumbent on plaintiff in moving for summary judgment to establish that decedent's injuries were caused by the type of elevation-related hazard contemplated by this absolute liability statute. Notably, the special hazards encompassed by the statute "are limited to such specific gravity-related accidents as falling from a height or being struck by a falling object that was *improperly hoisted or inadequately secured*" (*Ross v Curtis-Palmer Hydro-Elec. Co.*, 81 NY2d 494, 501 [emphasis supplied]; *see, Stang v Garbellano*, 262 AD2d 853, 854; *Diamond v Reilly Homes Constr. Corp.*, 245 AD2d 763, 764). Injuries resulting from other types of hazards are not covered by this statute. In this regard, liability does not attach for any and all gravity-related perils at a construction or demolition site (*see, Ross v Curtis-Palmer Hydro-Elec. Co., supra*, at 501) and a violation of this statute is not automatically established from the fact that injuries resulted from falling objects at such a site (*see, Rodriguez v Tietz Ctr. for Nursing Care*, 84 NY2d 841; *Bailey v Young Men's Christian Assn.*, 267 AD2d 642; *Vestal v Yonkers Contr. Co.*, 257 AD2d 946; *McGuire v Independent Cement Corp.*, 255 AD2d 646; *Klimowicz v Furer*, 246 AD2d 330; *Nitz v Gusmer Corp.*, 245 AD2d 929; *Vornfett v Port Auth.*, 238 AD2d 134; *Carringi v International Paper Co.*, 184 AD2d 137, 140). It is manifest that "a violation of the statute cannot 'establish li-

ability if the statute is intended to protect against a particular hazard, and a hazard of a different kind is the occasion of the injury' " (*Rocovich v Consolidated Edison Co.*, 78 NY2d 509, 513, quoting *DeHaen v Rockwood Sprinkler Co.*, 258 NY 350, 353).

Here, the descending beam which struck decedent had been purposefully released from the backhoe by the operator at the designated location as part of the demolition and salvage project. Critically, as Supreme Court correctly emphasized, the beam did not fall as a result of an improper or defective mechanism in the backhoe's hoisting and clamping equipment; rather, the backhoe and its hoisting mechanism performed as intended to complete the task at hand, permitting the beam to be purposefully released so that it would forcefully fall to the ground and shed any debris (*compare, Jiron v China Buddhist Assn.*, 266 AD2d 347; *Stang v Garbellano, supra*, at 854; *Powell v Sodus Cold Storage Co.*, 258 AD2d 904; *Baker v Barron's Educ. Serv. Corp.*, 248 AD2d 655; *Panattoni v Inducon Park Assocs.*, 247 AD2d 823; *Diamond v Reilly Homes Constr. Corp., supra*, at 764-765; *Gill v Kosoff & Sons*, 229 AD2d 824). In fact, the hoisting and clamping equipment did not malfunction during the hoisting maneuver but, rather, they served their core objective under Labor Law § 240 (1) of preventing the beam from being unintentionally or prematurely released (*see, Nieves v Five Boro Air Conditioning & Refrig. Corp.*, 93 NY2d 914, 916; *see also, Ross v Curtis-Palmer Hydro-Elec. Co., supra*, at 501).

Nor are we persuaded, under the circumstances of this case, that the methodology employed to relocate the beam—deliberately releasing the beam and allowing it to fall rather than securing it with a steel cable and mechanically lowering it until it rested on the ground—gives rise to a cause of action under Labor Law § 240 (1). Labor Law § 240 (1) does not require that a particular methodology be employed to move materials or equipment at a construction/demolition site and, indeed, plaintiff's suggested method of placing the beams in the salvage pile would not have accomplished the debris removal objective. In our view, "[t]he protective equipment envisioned by [this] statute is simply not designed to avert the hazard [decedent] encountered here" (*Melber v 6333 Main St.*, 91 NY2d 759, 763) and the absence of additional safety or securing devices was not the proximate cause of plaintiff's injuries (*see, Rocovich v Consolidated Edison Co., supra*, at 514; *cf., Felker v Corning Inc.*, 90 NY2d 219, 224-225).

Inasmuch as it is undisputed that the equipment employed

here functioned properly, plaintiff's Labor Law § 240 (1) claim must fail notwithstanding the fact that this accident was gravity related (*see, Ross v Curtis-Palmer Hydro-Elec. Co., supra*, at 501; *Murphy v Broadway 48-49th St. Assocs.*, 246 AD2d 392; *compare, Stang v Garbellano, supra*, at 853-854; *Panattoni v Inducon Park Assocs., supra*, at 823-824; *Diamond v Reilly Homes Constr. Corp., supra*, at 765). As tragic as this accident certainly was, "not every hazard or danger encountered in a construction [or demolition] zone falls within the scope of Labor Law § 240 (1)" (*Misseritti v Mark IV Constr.*, 86 NY2d 487, 490). We therefore affirm the order denying partial summary judgment to plaintiff. Finally, we perceive no error in Supreme Court's order, upon reargument, adhering to its prior order.

Mercure, J. P., Peters, Carpinello and Graffeo, JJ., concur. Ordered that the orders are affirmed, with costs.