Smith, J.
(dissenting). The Commission on Judicial Conduct, after receiving a report from a Referee, determined, on November 8, 1999, that the petitioner should be censured for sexual harassment. That determination was based on the credibility of the witnesses and, particularly, the credibility of complainants Jacqueline Bland and Caroline Rucker. Subsequent to the Commission’s determination, the petitioner moved for reconsideration based on an affidavit by Shelley Williams. In that affidavit, Williams avers that Rucker admitted that she and Bland fabricated the charges against the petitioner. Williams also avers that Rucker attempted to get Williams to support the contention.
*17 Williams was questioned only by the Commission attorney, acting as a prosecutor in this case. The Referee who heard the other witnesses never saw Williams and the Commission itself never heard her testimony. Nevertheless, after submissions from the Commission attorney and the petitioner, the Commission, by decision dated April 6, 2000, denied the motion to reconsider. The Commission stated “that [petitioner’s] motion and offer of new evidence do not create a reasonable possibility or a probability that its Determination would be altered.”
In his motion for reconsideration by the Commission, the petitioner raised the issue of due process under both the Federal and State Constitutions. Petitioner stated that he “is entitled to confront Ms. Rucker and Ms. Bland with Ms. Williams’ testimony. He is entitled to present Ms. Williams as a witness in his defense.” In response to a request by the Commission on Judicial Conduct, petitioner waived any bar to the Commission’s exercise of jurisdiction caused by his retirement. The Administrator/Counsel to the Commission opposed the motion to reconsider but, in the alternative, argued that the matter should be referred back to the Referee on the limited issue of whether his findings would be affected by the new evidence.
Before this Court, petitioner makes several arguments, including a claim that his due process rights under the Federal and State Constitutions have been violated by the denial of the opportunity to confront Bland and Rucker with the allegations made by Williams. The majority states that it has no authority to review Williams’ affidavit or her deposition testimony even though both are a part of the record before us.
I dissent because I cannot agree that this Court has no jurisdiction and no obligation to review the events subsequent to the original decision by the Commission, particularly when the Commission, although denying petitioner’s motion for reconsideration, has apparently reviewed that evidence on the merits. Those events are a part of the Commission’s determination and there are due process claims concerning the fairness of the proceedings. New York Constitution, article VI, § 22 (d) states, “[i]n reviewing a determination of the commission on judicial conduct, the court of appeals shall review the commission’s findings of fact and conclusions of law on the record of the proceedings upon which the commission’s determination was based.” The reason why this Court should not adhere to its June 20, 2000 order dismissing, sua sponte, petitioner’s motion for leave to appeal from the Commission’s denial of the motion for reconsideration is because it prevents this Court from *18 performing a constitutional duty to review the determination of the Commission. This Court rather than the Commission is charged with the interpretation of the Federal and State Constitutions.
What is clear is that the Commission has made the proceedings involving Williams a part of this record and a part of its determination. While it states that it has denied the motion for reconsideration, the Commission has, in effect, reconsidered its decision and adhered to it.[1] Because this new evidence, which goes to the heart of its determination, has been considered by the Commission, there is no valid reason why this Court should ignore that evidence. The only possibility of review of the Commission’s determination, including its treatment of the contentions of Williams, is this Court.
If this Court concludes that the Commission did not make a determination on the merits of petitioner’s due process claims, it can send the matter back to the Commission or hold the appeal in abeyance while the petitioner requests the Commission to make a determination on his due process claims. In Matter of Klein v State Commn. on Judicial Conduct (63 NY2d 895), this Court denied a motion to remand a proceeding to the Commission or to supplement the record on review without prejudice to an application to the Commission to reconsider its decision. This Court held a review in abeyance pending a decision on that application. Similarly here, this Court can hold any decision in abeyance while the petitioner makes a motion before the Commission for a review of his due process claims that the Referee or the Commission should hear Williams’ testimony and possibly additional testimony, with both sides participating in the questioning.
Any action by the Commission should be preceded by a continued waiver by the petitioner of any objection to the jurisdiction of the Commission.
Judges Levine, Ciparick, Wesley, Rosenblatt, Graffeo and Sullivan[2] concur in Per Curiam opinion; Judge Rosen *19 blatt concurs in a separate concurring opinion; Judge Smith dissents in another opinion; Chief Judge Kaye taking no part.
Determined sanction accepted, without costs.

. In Corey v Gorick Constr. Co. (271 AD2d 911), the Appellate Division determined that even though the trial court had denied reargument, that court had really granted reargument, reconsidered the facts and adhered to its prior decision. Under CPLR 2221, the adherence to a decision by a trial court, after reconsideration, would be appealable (see also, Rubeo v National Grange Mut. Ins. Co., 93 NY2d 750, 755).

. Designated pursuant to NY Constitution, article VI, § 2.