■ GEORGE H. WOODELL, Appellant, v TOSHIBA INTERNATIONAL CORPORATION et al., Respondents. [760 NYS2d 584] —Carpinello, J. Appeal from an order of the Supreme Court (Williams, J.), entered July 3, 2002 in Saratoga County, which, inter alia, granted defendants' motions for summary judgment dismissing the complaint.

In July 1998, plaintiff's employer, Peter J. Rozell Mechanical (hereinafter Rozell), was hired to service a turbine owned by defendant International Paper Company. The project entailed dismantling the turbine, inspecting its parts and making any necessary repairs. Defendant Toshiba International Corporation, which had sold the turbine to International Paper several years earlier, was also involved in the project, providing technical direction to Rozell. Plaintiff was injured when one of the turbine's blades struck him in the head. At issue on appeal is an order of Supreme Court which, as relevant here, granted the respective motions of International Paper and Toshiba for summary judgment dismissing plaintiff's Labor Law § 240 (1) claim.

The motions were properly granted. The precise circumstances surrounding plaintiff's accident are as follows. Plaintiff was seated on a plastic bucket on ground level working under the turbine. The turbine itself was resting on a stand on the floor. At least two of its five blades had been clamped with C-clamps and wooden blocks to prevent them from rotating while being serviced. Thus, the blades, in a closed position, were located slightly above plaintiff's head as he worked. Upon encountering problems removing a ring located around the circumference of the turbine, plaintiff struck the turbine with a hammer in an attempt to loosen it. This caused the few clamps then in place to give way which, in turn, caused the blades to rotate from their closed horizontal position to an open vertical position. Plaintiff was struck in the head by a rotating blade.

In our view, the risk encountered by plaintiff—being struck by a blade rotating on its own axis—was not the type of risk against which Labor Law § 240 (1) was intended to protect. Significantly, the turbine never moved and the blades them-

selves did not fall from an elevated height; rather, while remaining affixed to their own axis, they rotated from a horizontal position to a vertical position. As recently reinforced by the Court of Appeals, Labor Law § 240 (1), as it specifically pertains to falling object cases, does not encompass every accident connected in some tangential way with the effects of gravity; rather, the exceptional hazards posed by elevation differentials are limited to specific gravity-related accidents as being struck by a falling object that was improperly hoisted or inadequately secured (*see Narducci v Manhasset Bay Assoc.*, 96 NY2d 259, 270 [2001]; *see also Melo v Consolidated Edison Co. of N.Y.*, 92 NY2d 909, 911 [1998]; *Ross v Curtis-Palmer Hydro-Elec. Co.*, 81 NY2d 494, 501 [1993]; *McGuire v Independent Cement Corp.*, 255 AD2d 646, 648 [1998]). Here, simply stated, in addition to there being no height differential between plaintiff and the turbine (*see Melo v Consolidated Edison Co. of N.Y., supra* at 911; *McGuire v Independent Cement Corp., supra* at 648; *Amato v State of New York*, 241 AD2d 400, 401 [1997], *lv denied* 91 NY2d 805 [1998]; *Phillips v City of New York*, 228 AD2d 570, 571 [1996]), no object fell while being hoisted or secured (*see Narducci v Manhasset Bay Assoc., supra; Bradley v San-Gra Corp.*, 301 AD2d 709 [2003]; *Fegundes v New York Tel. Co.*, 285 AD2d 526, 527 [2001]; *McGuire v Independent Cement Corp., supra* at 648; *Bailey v Young Men's Christian Assn. of Capital Dist.*, 267 AD2d 642, 644 [1999]; *see also Meis v ELO Org.*, 282 AD2d 211 [2001]; *Sears v Niagara County Indus. Dev. Agency*, 258 AD2d 918 [1999]). In fact, no object fell at all. Thus, Labor Law § 240 (1) is inapplicable to these facts.

Cardona, P.J., Mercure, Peters and Rose, JJ., concur. Ordered that the order is affirmed, with one bill of costs.