■ MICHAEL ARANSKY, Appellant, v COMFORT MART DISTRIBUTORS, INC., et al., Respondents. [860 NYS2d 675]—

Rose, J. Appeal from an order of the Supreme Court (Platkin, J.), entered July 12, 2007 in Albany County, which granted defendants' motions for summary judgment dismissing the complaint.

Plaintiff, an experienced roofer tinsmith and building maintenance worker, purchased an extended roof bracket designed to support an existing chimney pipe in his employer's building. To handle the sharp corners and edges of the stainless steel parts of the bracket, he wore protective leather safety gloves. Plaintiff testified that "[w]e . . . always use gloves because stainless steel's so sharp." While working on a ladder and after attaching the bracket to the pipe but not the wall, plaintiff removed his safety gloves. Plaintiff's coworker, who had been holding the ladder for him, then left to retrieve additional screws to attach the bracket to the wall. Plaintiff stayed on the ladder rather than descend it until his coworker returned with the screws. The ladder then slid on the damp concrete floor. As the ladder slid, plaintiff tried to catch himself, but he inadvertently grabbed a sharp part of the bracket that he had just attached to the pipe, severely cutting his ungloved fingers. When he commenced this action against defendants, the parties alleged to have manufactured and distributed the bracket, they moved for summary judgment dismissing the complaint on the ground that, among other things, the bracket's sharp edge was not a proximate cause of plaintiff's injury. Noting that plaintiff failed to address this ground, and finding, in any event, that his removal of his safety gloves and the ladder's slide were intervening causes of his injuries, Supreme Court granted defendants' motions.

Plaintiff now appeals, contending solely that there is a material question of fact as to whether the sharp edge of the bracket was a proximate cause of his injury. We disagree, as it is clear from the record that plaintiff fell only because he stayed on the ladder when he no longer had anyone to hold it for him, and he cut his fingers because he was not wearing his safety gloves when he inadvertently grabbed the sharp edge of the bracket instead of the chimney pipe to brace himself. Inasmuch as he

was well aware of the sharpness of the stainless steel edge, "we agree with Supreme Court that plaintiff's own conduct was so extraordinary under the circumstances as to absolve defendants of liability" (*Knickerbocker v De Mars*, 147 AD2d 739, 741 [1989], *lv denied* 74 NY2d 606 [1989]; *see Dickinson v Dowbrands, Inc.*, 261 AD2d 703, 703 [1999], *lv denied* 93 NY2d 815 [1999]).

Cardona, P.J., Mercure and Kavanagh, JJ., concur. Ordered that the order is affirmed, with one bill of costs.