OPINION OF THE COURT
 

 Memorandum.
 

 The order of the Appellate Division should be affirmed, with costs, and the certified question answered in the affirmative.
 

 Plaintiff was employed by a general contractor hired to perform excavation and backfill work at a construction site in Westchester County. At the end of each day, workers covered all unfilled trenches with heavy steel traffic plates. At the time of the accident, plaintiff and a coemployee were directing the
 
 *911
 
 covering of a trench. In this instance, the steel plate was attached, by means of a chain with a hook at each end, to the shovel part of a backhoe. The chain was looped around the arm of the bucket and one hook placed over the chain to form a noose. In order to place the steel plate over the trench, the backhoe operator lifted the edge of the plate so that it was raised and in a vertical position, perpendicular to the ground, with its edge touching the ground. As the plate was being maneuvered to the trench, the hook became unfastened and the plate toppled over. The steel plate fell onto plaintiffs foot and struck his shoulder.
 

 Plaintiff commenced suit against Con Ed and, subsequently, moved for summary judgment alleging a violation of Labor Law § 240 (1). Con Ed opposed the motion and cross-moved for dismissal of the cause of action. Supreme Court granted defendant’s cross motion for summary judgment and dismissed the cause of action. The Appellate Division affirmed, with one Justice dissenting.
 

 The protections of Labor Law § 240 (1) are not implicated simply because the injury is caused by the effects of gravity upon an object
 
 (see, Ross v Curtis-Palmer Hydro-Elec. Co.,
 
 81 NY2d 494, 501). As we have consistently stated, this statutory provision
 

 “has historically been construed in the context of workers injured as a result of inadequate or missing safety equipment at elevated work sites * * *. It is in recognition of the exceptionally dangerous conditions posed by elevation differentials at work sites that section 240 (1) prescribes safety precautions for workers laboring under unique gravity-related hazards”
 
 (Misseritti v Mark TV Constr. Co.,
 
 86 NY2d 487, 490-491).
 

 The Appellate Division correctly noted that plaintiffs activities did not fall within the special elevation risks encompassed by Labor Law § 240 (1). While the force of gravity may have caused the steel plate to fall as it was being moved by an allegedly defective hoist, one of the safety devices enumerated in the statute, the steel plate was resting on the ground or hovering slightly above the ground. The steel plate was not elevated above the work site. Thus, it could not be said that the statute was implicated “ ‘either because of a difference between the elevation level of the required work and a lower level or a difference between the elevation level where the worker is positioned and the higher level of the materials or load being
 
 *912
 
 hoisted or secured’ ”
 
 (Misseritti v Mark IV Constr. Co., supra,
 
 at 491).
 

 Chief Judge Kaye and Judges Bellacosa, Smith, Levine, Ciparick and Wesley concur in memorandum.
 

 On review of submissions pursuant to section 500.4 of the Rules of the Court of Appeals (22 NYCRR 500.4), order affirmed, etc.