(August 18, 2005)

■ In the Matter of JOHN PARETE, Petitioner, and PHIL TER-PENING, Proposed Intervenor-Respondent, v THOMAS TURCO et al., as Commissioners of the Ulster County Board of Elections, Respondents, and JOAN A. EVERY et al., Appellants. [800 NYS2d 247]—

Per Curiam. Appeal from a judgment of the Supreme Court (Kavanagh, J.), entered August 2, 2005 in Ulster County, which, in a proceeding pursuant to Election Law § 16-102, granted Phil Terpening's application for leave to intervene as a petitioner and invalidated the designating petition naming respondents Joan A. Every, Brian Hathaway and Gloria S. Van Vliet as Conservative Party candidates for the office of Ulster County Legislator for the 7th Legislative District in the September 13, 2005 primary election.

On July 25, 2005, petitioner, Chair of the Ulster County Democratic Committee, commenced this proceeding under Election Law § 16-102 seeking to invalidate the designating petition naming respondents Joan A. Every, Brian Hathaway and Gloria S. Van Vliet (hereinafter collectively referred to as respondents) as Conservative Party candidates for the office of Ulster County Legislator for the 7th Legislative District in the September 13, 2005 primary election. The petition asserted that the designating petition did not contain the required number of valid signatures. After respondents served an answer raising, among other things, an objection challenging petitioner's standing to maintain the proceeding, Phil Terpening, a candidate for the Democratic, Independence and Working Family Parties nominations for the same office, moved to intervene in the proceeding

as a petitioner and to invalidate the designating petition on the same basis. While finding that petitioner did not have standing to bring the proceeding, Supreme Court permitted Terpening to intervene and invalidated the designating petition for failure to contain the requisite number of valid signatures. Respondents now appeal and we reverse.

The issue is not whether petitioner had standing to bring this proceeding. He lacks *capacity* to sue by reason of the statutory prohibition found in Election Law § 16-102. Ultimately, a standing analysis is aimed at promoting the judiciary's self-imposed policy of restraint to avoid giving advisory opinions, while capacity involves a litigant's power to appear and bring a grievance to court (*see Community Bd. 7 of Borough of Manhattan v Schaffer*, 84 NY2d 148, 155 [1994]). Lacking capacity, petitioner could not institute this proceeding and, therefore, none existed in which Terpening could intervene (*see e.g. Matter of Town of Johnstown v City of Gloversville*, 36 AD2d 143, 145 [1971], *appeal dismissed* 29 NY2d 639 [1971]). Thus, Supreme Court lacked authority to permit intervention and entertain the petition.

Mercure, J.P., Crew III, Mugglin, Lahtinen and Kane, JJ., concur. Ordered that the judgment is reversed, on the law, without costs, motion to intervene denied and petition dismissed.