■ LAURENCE APEL, Respondent, v CITY OF NEW YORK, Appellant. [901 NYS2d 183]—

Order, Supreme Court, New York County (Michael D. Stallman, J.), entered October 13, 2009, which granted plaintiff's motion for summary judgment on the issue of liability under Labor Law § 240 (1), unanimously affirmed, without costs.

Plaintiff was injured during efforts to move a barge containing materials for the Williamsburg Bridge reconstruction project from the Manhattan to the Brooklyn side of the bridge. Moving the barge required that its 80-foot-long rod anchors, known as spuds, be raised from the river bed by a crane and that a three-foot-long, 125-pound steel "keeper pin" be inserted

into the "toggle hole" in each spud to hold the spud upright. As plaintiff and a coworker were inserting a pin into the hole of one spud, the crane dropped the spud; the pin came up "like a seesaw," "snapping" plaintiff's left arm and "hurling" him across the deck of the barge.

There can be no question that "the harm to plaintiff was the direct consequence of the application of the force of gravity to the [spud]" (*Runner v New York Stock Exch., Inc.*, 13 NY3d 599, 604 [2009]), i.e., that the risk to be guarded against "arose from the force of the very heavy object's unchecked, or insufficiently checked, descent" (*id.* at 603), and that an adequate safety device had not been used to guard against that risk.

Defendant's contention that plaintiff may have been the sole proximate cause of his injuries is without merit (*see Hernandez v Bethel United Methodist Church of N.Y.*, 49 AD3d 251, 252-253 [2008]). Concur—Gonzalez, P.J., Tom, Renwick, DeGrasse and Abdus-Salaam, JJ.

Motion seeking leave for stay pending appeal denied.