■ FRANCESCO STRANGIO, Appellant, v SEVENSON ENVIRONMENTAL SERVICES, INC., et al., Respondents and Third-Party Plaintiffs. THOMAS JOHNSON, INC., Third-Party Defendant-Respondent. [905 NYS2d 729]—

Appeal from an order of the Supreme Court, Niagara County (Ralph A. Boniello, III, J.), entered August 14, 2009 in a personal injury action. The order, insofar as appealed from, granted those parts of the motions of defendants/third-party plaintiffs and third-party defendant for summary judgment dismissing the Labor Law § 240 (1) claim and the Labor Law § 241 (6) claim insofar as it is based on the alleged violation of 12 NYCRR 23-6.1 (j).

It is hereby ordered that the order so appealed from is affirmed without costs.

Memorandum: Plaintiff commenced this Labor Law and common-law negligence action seeking damages for injuries he sustained when he was struck in the face by the handle of a hand-operated hoisting mechanism while he was raising a scaffold. As limited by his brief, plaintiff appeals from those parts of an order granting the respective motions of defendants/third-party plaintiffs (defendants) and third-party defendant, Thomas Johnson, Inc. (TJI), for summary judgment dismissing the Labor Law § 240 (1) claim as well as the Labor Law § 241 (6) claim insofar as it is based on the alleged violation of 12 NYCRR 23-6.1 (j). We affirm.

With respect to the Labor Law § 240 (1) claim, defendants and TJI established their entitlement to judgment as a matter of law, and plaintiff failed to raise a triable issue of fact (*see generally Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]). As relevant to this case, the proper inquiry under Labor Law § 240 (1) is whether " 'the scaffold . . . or other protective device proved inadequate to shield the injured worker *from harm directly flowing from the application of the force of gravity to an object or person*' " (*Runner v New York Stock Exch., Inc.*, 13 NY3d 599, 604 [2009], quoting *Ross v Curtis-Palmer Hydro-Elec. Co.*, 81 NY2d 494, 501 [1993]). The fact that an accident is "connected in some tangential way with the effects of gravity" is insufficient to bring the injured worker within the protection of Labor Law § 240 (1) (*Ross*, 81 NY2d at 501; *see Narducci v Manhasset Bay Assoc.*, 96 NY2d 259, 270 [2001]; *Melo v Consolidated Edison Co. of N.Y.*, 92 NY2d 909, 912 [1998]). Here, the protective device, i.e., the scaffold, adequately shielded plaintiff and his coworkers on the platform from falling to the ground or sustaining other injuries as a result of the unchecked descent of the scaffold. "The mere fact that the force of gravity acted upon the hoisting mechanism is insufficient to establish a valid Labor Law § 240 (1) claim inasmuch as plaintiff's injury

did not result from an elevation-related risk as contemplated by the statute" (*O'Donnell v Buffalo-DS Assoc., LLC*, 67 AD3d 1421, 1422-1423 [2009], *lv denied* 14 NY3d 704 [2010]).

With respect to the Labor Law § 241 (6) claim insofar as it is based on the alleged violation of 12 NYCRR 23-6.1 (j), defendants and TJI met their initial burdens on their respective motions by establishing that the regulation applies to material hoists and thus is inapplicable to the accident, and plaintiff failed to raise a triable issue of fact in opposition (*see generally Zuckerman*, 49 NY2d at 562). Scaffolding is not "material hoisting equipment" within the meaning of that regulation (12 NYCRR 23-6.1 [b]) and, indeed, scaffolding is governed by a subpart 23-5 of the regulations, while material hoisting equipment is governed by subpart 23-6.

All concur except Carni and Lindley, JJ., who dissent in part and vote to modify in accordance with the following memorandum.

Carni and Lindley, JJ. (dissenting in part). We respectfully disagree with the conclusion of our colleagues that the circumstances giving rise to plaintiff's injury are not embraced by Labor Law § 240 (1). We therefore dissent in part.

The majority recognizes that the scaffold involved in plaintiff's injuries was subjected to an "unchecked descent," but nonetheless concludes that plaintiff's accident was only "connected in some tangential way with the effects of gravity," quoting *Ross v Curtis-Palmer Hydro-Elec. Co.* (81 NY2d 494, 501 [1993]). Defendants' expert conceded that the gear lock dog device in the cranking mechanism "was designed [to] prevent[ ] the scaffold from falling to the ground." Plaintiff's expert opined that plaintiff's injury was caused by a "malfunction" of the device, which resulted in "an unexpected fall of the scaffold platform and an uncontrolled backward movement of the crank handle due to a defect in the cranking mechanism."

Thus, in our view, there can be no question that "the harm to plaintiff was the direct consequence of the application of the force of gravity to the [cranking mechanism]" (*Runner v New York Stock Exch., Inc.*, 13 NY3d 599, 604 [2009]; *see also Apel v City of New York*, 73 AD3d 406 [2010]), and that the risk to be guarded against "arose from the force of the [scaffold's] unchecked, or insufficiently checked, descent" (*Runner*, 13 NY3d at 603). Unlike the majority, we conclude that it is irrelevant whether plaintiff's coworkers were prevented from "falling to the ground." This case does not involve a worker's fall from a height. Rather, this case falls within a now well-recognized variant of a "falling object" case under Labor Law § 240 (1) (*see*

*Runner*, 13 NY3d at 604), and does not depend upon whether plaintiff has fallen or been hit by the falling object (*see id.*; *see also Apel*, 73 AD3d 406 [2010]). Here, as in *Runner*, we conclude that "the injury to plaintiff was every bit as direct a consequence of the descent of the [scaffold] as would have been an injury to a worker positioned in the descending [scaffold's] path" (*Runner*, 13 NY3d at 604). As the Court of Appeals has made clear, "[t]he latter worker would certainly be entitled to recover under section 240 (1) and [here] there appears [to be] no sensible basis to deny plaintiff the same legal recourse" (*id.*).

Therefore, we would modify the order by denying in part the respective motions of defendants/third-party plaintiffs and third-party defendant for summary judgment and reinstating the Labor Law § 240 (1) claim. Present—Scudder, P.J., Peradotto, Carni, Lindley and Sconiers, JJ.