■ JOSEPH SERENO, Appellant, v HONG KONG CHINESE RESTAURANT et al., Respondents. [912 NYS2d 811]—

Stein, J. Appeal from an order of the Supreme Court (Mulvey, J.), entered August 27, 2009 in Tompkins County, which, among other things, granted defendants' motion for summary judgment dismissing the complaint.

In the course of his employment for a commercial cleaning company, plaintiff sustained an eye injury while cleaning grease from the exhaust system in a restaurant kitchen. Plaintiff was standing on the ground while a coworker was lying on the exhaust hood four feet above him. As the coworker handed plaintiff a pressurized bottle containing a chemical used for cleaning, the bottle slipped from plaintiff's hands and, upon impact with the floor, sprayed the chemical into plaintiff's eye. Plaintiff commenced this action alleging, among other things, a violation of Labor Law § 240 (1). Defendants moved for summary judgment dismissing the complaint on the basis that Labor Law § 240 (1) was inapplicable to the facts of this case.* Plaintiff cross-moved for summary judgment as to liability pursuant to Labor Law § 240 (1). Supreme Court denied plaintiff's cross motion and granted defendants' motion, prompting this appeal by plaintiff.

We affirm. Labor Law § 240 (1) requires that contractors and owners provide adequate safety devices to protect employees against elevation related hazards and imposes liability for injuries proximately caused by the failure to so provide (*see Zimmer v Chemung County Performing Arts*, 65 NY2d 513, 521 [1985]; *see also Blake v Neighborhood Hous. Servs. of N.Y. City*, 1 NY3d 280, 286-290 [2003]). However, not all gravity-related risks fall within the parameters of the statute (*see* Labor Law § 240 [1]; *Ross v Curtis-Palmer Hydro-Elec. Co.*, 81 NY2d 494,

* Plaintiff did not oppose defendants' motion insofar as it related to plaintiff's claims of ordinary negligence or liability pursuant to Labor Law §§ 200 and 241 (6).

499-501 [1993]). "Notably, the special hazards encompassed by the statute 'are limited to such specific gravity-related accidents as falling from a height or being struck by a falling object' " (*Corey v Gorick Constr. Co.*, 271 AD2d 911, 912 [2000], quoting *Ross v Curtis-Palmer Hydro-Elec. Co.*, 81 NY2d at 501) and do not "encompass every accident connected in some tangential way with the effects of gravity" (*Woodell v Toshiba Intl. Corp.*, 305 AD2d 910, 911 [2003]).

Here, we reject plaintiff's argument that his injuries were attributable to the type of gravity-related risk within the purview of Labor Law § 240 (1). Plaintiff, himself, testified that when he grabbed the bottle, it slipped out of his hands and, after it hit the floor, the hose connected to the bottle became detached, resulting in its contents coming into contact with his eye. Inasmuch as plaintiff had taken hold of the bottle from his coworker and it was not being lowered when it fell to the ground, there was no elevation differential between the falling object and plaintiff (*see Jordan v Blue Circle Atl.*, 306 AD2d 741, 743 [2003]), and there is no evidence that the bottle fell "because of the [conceded] absence. . . . of a safety device of the kind enumerated in the statute" (*Narducci v Manhasset Bay Assoc.*, 96 NY2d 259, 268 [2001] [emphasis omitted]). We also note that the bottle was not in the process of being hoisted or secured and that plaintiff was not injured as a result of being struck by the falling bottle (*see Ross v Curtis-Palmer Hydro-Elec. Co.*, 81 NY2d at 500-501). Significantly, the injury suffered by plaintiff was not the direct consequence of the application of the force of gravity to the bottle (*compare Runner v New York Stock Exch., Inc.*, 13 NY3d 599, 604 [2009]). Plaintiff was simply " 'exposed to the usual and ordinary dangers of a [workplace], and not the extraordinary risks envisioned by Labor Law § 240 (1)' " (*Cundy v New York State Elec. & Gas Corp.*, 273 AD2d 743, 744 [2000], *lv denied* 95 NY2d 766 [2000], quoting *Rodriguez v Margaret Tietz Ctr. for Nursing Care*, 84 NY2d 841, 843 [1994]). We, therefore, conclude that Supreme Court properly granted defendants' motion for summary judgment dismissing the complaint and denied plaintiff's cross motion.

Spain, J.P., Kavanagh, McCarthy and Egan Jr., JJ., concur. Ordered that the order is affirmed, with costs.