■ Michael D. Davis, Appellant, v Wyeth Pharmaceuticals, Inc., et al., Respondents. [928 NYS2d 377]—

Stein, J.

In the course of his employment as a construction laborer, plaintiff was injured while moving a filtration unit weighing in excess of 1,000 pounds within a building owned by defendant Wyeth Pharmaceuticals, Inc. Plaintiff and a coworker had used two pallet jacks to hoist the unit 8 to 10 inches off the floor in order to move it. With the unit sitting on the pallet jacks, plaintiff pulled and his coworker pushed the unit along. In the process of moving the unit horizontally across the floor, plaintiff slipped and grabbed the unit, causing it to tip over and land on his leg as he fell to the ground.

Plaintiff commenced this action against Wyeth and, subsequently, a separate action against defendants Stantec Consulting Group, Inc., Stantec Architecture, Inc., and Landrock E&S Consulting, Inc.—who Wyeth had hired to ensure the safety and

---

well-being of those persons lawfully at its facility—alleging negligence and violations of Labor Law §§ 200 and 241 (6). Following consolidation of the actions, plaintiff served an amended complaint that contained an additional claim under Labor Law § 240 (1). Failing to obtain the consent of all parties, plaintiff then moved for leave to amend the complaint (see CPLR 3025 [b]) and Supreme Court denied the motion.[1] Plaintiff now appeals[2] and we affirm.

While leave to amend a pleading " 'should be freely granted' " so long as no prejudice befalls the nonmoving party and " 'the amendment is not plainly lacking in merit' " (Shelton v New York State Liq. Auth., 61 AD3d 1145, 1149 [2009], quoting Smith v Haggerty, 16 AD3d 967, 967-968 [2005]), such a decision rests squarely in the discretion of the trial court and will not be disturbed absent a clear abuse of discretion (see CPLR 3025 [b]; Swergold v Cuomo, 70 AD3d 1290, 1294 [2010]; Leclaire v Fort Hudson Nursing Home, Inc., 52 AD3d 1101, 1102 [2008]). Here, assuming without finding, as Supreme Court did, that the proposed amendment resulted in no prejudice to defendants, we agree with Supreme Court's determination that it was lacking in merit.

Labor Law § 240 (1) requires that contractors and owners provide adequate safety devices to protect workers against elevation-related safety risks (see Zimmer v Chemung County Performing Arts, 65 NY2d 513, 521 [1985]; Sereno v Hong Kong Chinese Rest., 79 AD3d 1414, 1414 [2010]; Johnson v Small Mall, LLC, 79 AD3d 1240, 1241 [2010]). However, "not all gravity-related risks fall within the parameters of the statute" (Sereno v Hong Kong Chinese Rest., 79 AD3d at 1414; see Labor Law § 240 [1]; Ross v Curtis-Palmer Hydro-Elec. Co., 81 NY2d 494, 499-501 [1993]) and, therefore, "not every object that falls on a worker[ ] gives rise to the extraordinary protections of Labor Law § 240 (1)" (Narducci v Manhasset Bay Assoc., 96 NY2d 259, 267 [2001]). "[T]he single decisive question is whether [a] plaintiff's injuries were the direct consequence of a failure to provide adequate protection against a risk arising from a physically significant elevation differential" (Runner v New York Stock Exch., Inc., 13 NY3d 599, 603 [2009]).

---

**1.** Supreme Court amended its order twice to correct errors, but did not make any substantive changes to the original order.

**2.** Although plaintiff's notice of appeal from Supreme Court's original order dated November 10, 2010 is technically premature, as it was filed prior to the entry of that order, we will treat the notice of appeal as valid in the exercise of our discretion (see CPLR 5520 [c]; Matter of Loomis v Yu-Jen G., 81 AD3d 1083, 1084 [2011]; People v Barrier, 58 AD3d 1086, 1087 n [2009], lv denied 12 NY3d 707 [2009]).

Here, plaintiff argues that, in *Runner v New York Stock Exch., Inc.* (13 NY3d 599, 603 [2009]), the Court of Appeals changed the law regarding what constitutes a significant elevation differential for purposes of Labor Law § 240 (1), as a result of which this case falls within the purview of that statute. Specifically, plaintiff contends that, pursuant to *Runner*, the weight of a falling object must now be considered in determining whether a height differential is significant and that, given the weight of the object that fell on him, he has a meritorious cause of action. In our view, plaintiff's reliance on *Runner* is misplaced. In *Runner*, "the Court made it clear that it was not establishing any new principles, merely expounding on the governing principle enunciated almost 20 years previously" (*Harris v City of New York*, 83 AD3d 104, 109 [2011]; *see Runner v New York Stock Exch., Inc.*, 13 NY3d at 604), namely that " 'Labor Law § 240 (1) was designed to prevent those types of accidents in which the scaffold, hoist, stay, ladder or other protective device proved inadequate to shield the injured worker *from harm directly flowing from the application of the force of gravity to an object or person*' " (*Runner v New York Stock Exch., Inc.*, 13 NY3d at 604, quoting *Ross v Curtis-Palmer Hydro-Elec. Co.*, 81 NY2d at 501).[3] Thus, it remains the law "that the purpose of the strict liability statute is to protect construction workers not from routine workplace risks, but from the pronounced risks arising from construction work site elevation differentials, and, accordingly, that there will be no liability under the statute unless the injury producing accident is attributable to the latter sort of risk" (*Runner v New York Stock Exch., Inc.*, 13 NY3d at 603).

Here, Supreme Court's determination that plaintiff's injury was not the result of a risk related to an elevation differential was supported by the record. We note that the object that resulted in plaintiff's injury was not being hoisted or secured (*compare Narducci v Manhasset Bay Assoc.*, 96 NY2d at 268; *Mueller v PSEG Power N.Y., Inc.*, 83 AD3d 1274, 1275 [2011]; *Cambry v Lincoln Gardens*, 50 AD3d 1081, 1083 [2008]) or otherwise being moved vertically from one elevation to another (*see Runner v New York Stock Exch., Inc.*, 13 NY3d at 602). Rather, it was being moved horizontally and tipped over because, when plaintiff slipped, he grabbed it and pulled it toward him. Thus, it was not the elevation of the unit from the ground that presented a risk to plaintiff. Indeed, there is nothing in the rec-

---

**3.** The primary issue resolved in *Runner* was the extent to which a plaintiff could recover in a falling object case when the object and the plaintiff did not actually make contact with one another (*Runner v New York Stock Exch., Inc.*, 13 NY3d at 604-605).

ord to indicate that the same result would not have occurred had the unit been sitting directly on the ground. Inasmuch as plaintiff's proposed Labor Law § 240 (1) claim lacked merit, Supreme Court did not abuse its discretion in denying plaintiff's motion to amend the complaint.

Plaintiff's remaining contentions have been examined and are either academic or unavailing.

Spain, J.P., Kavanagh, Garry and Egan Jr., JJ., concur. *Ordered* that the order, amended order and second amended order are affirmed, with one bill of costs.