*33 OPINION OF THE COURT
Mercure, J.P.
Plaintiff Darby J. Oakes (hereinafter plaintiff) and his wife, derivatively, commenced this personal injury action after his legs were crushed in an accident on the premises of a construction site owned by defendant Wal-Mart Real Estate Business Trust in the Town of Massena, Franklin County. Plaintiff, an iron worker, was employed as a supervisor by third-party defendant, J.T. Erectors, LLC, a subcontractor retained by the general contractor, defendant Murnane Building Contractors, Inc. Defendant Luck Builders, Inc. (sued herein as Luck Brothers, Inc., hereinafter Luck) was the subcontractor hired to perform site preparation work, which included leveling, grading and filling.
As supervisor, plaintiff was responsible for reading the numbered tags on pieces of structural steel and, after comparing them to the blueprint, directing the sequence for the placement of the steel components into the building structure. Immediately prior to the accident, plaintiff was walking between two steel trusses — girders that measured approximately 30 feet long by 5V2 feet high by 1 foot wide — viewing their numbered tags. The trusses were standing upright on their one-foot sides in preparation for installation, and had been placed on wooden planks (or dunnage) three to four feet apart from each other. A forklift operated by another employee of J.T. Erectors allegedly drove over a “soft spot” in the ground, causing its right tire to sink six to eight inches. As a result, the unsecured bar joist that the forklift was carrying shifted sideways approximately two feet and struck one of the vertically positioned trusses, which fell over onto plaintiff and pinned him between two trusses.
Plaintiffs asserted claims under Labor Law §§ 200, 240 (1) and 241 (6) against Wal-Mart and Murnane (hereinafter collectively referred to as defendants), as well as Luck Brothers. Defendants and Luck answered and cross-claimed against each other, and defendants commenced a third-party action against J.T. Erectors and brought a cross claim (denominated a third-party action) against Luck, seeking indemnification. Plaintiffs moved for, among other things, summary judgment on their Labor Law §§ 240 (1) and 241 (6) claims, defendants moved for summary judgment dismissing the complaint, and Luck moved for summary judgment dismissing the complaint and all cross claims asserted against it. Supreme Court dismissed plaintiffs’ claims under section 240 (1) in their entirety, dismissed *34 plaintiffs’ section 241 (6) and section 200 claims as to Luck only, and denied both defendants’ and Luck’s motions as to plaintiffs’ common-law negligence claim. The parties cross-appeal, and we now affirm.
Initially, we reject plaintiffs’ argument that Supreme Court erred in dismissing their Labor Law § 240 (1) claim. Labor Law § 240 (1) provides:
“All contractors and owners and their agents . . . in the erection, demolition, repairing, altering, painting, cleaning or pointing of a building or structure shall furnish or erect, or cause to be furnished or erected for the performance of such labor, scaffolding, hoists, stays, ladders, slings, hangers, blocks, pulleys, braces, irons, ropes, and other devices which shall be so constructed, placed and operated as to give proper protection to a person so employed.”
To establish entitlement to recovery under the statute, the plaintiff must demonstrate both that a violation of the statute— i.e., a failure to provide the required protection at a construction site — proximately caused the injury and that “the injury sustained is the type of elevation-related hazard to which the statute applies” (Wilinski v 334 E. 92nd Hous. Dev. Fund Corp., 18 NY3d 1, 7 [2011]; see Blake v Neighborhood Hous. Servs. of N.Y. City, 1 NY3d 280, 288-289 [2003]). As acknowledged by the Court of Appeals, its “jurisprudence defining the category of injuries that warrant the special protection of Labor Law § 240 (1) has [recently] evolved” (Wilinski v 334 E. 92nd Hous. Dev. Fund Corp., 18 NY3d at 7). A discussion of the recent changes in the law is necessary to the resolution of this appeal.
Two decades ago, the Court of Appeals first clarified the nature of the occupational hazards that warrant the protection of Labor Law § 240 (1) in Rocovich v Consolidated Edison Co. (78 NY2d 509, 513-514 [1991]) and Ross v Curtis-Palmer Hydro-Elec. Co. (81 NY2d 494, 500-501 [1993]). Recognizing the “ ‘exceptional protection’ ” provided to workers under section 240 (1), the Court limited the scope of the statute to “the ‘special hazards’ that arise when the work site either is itself elevated or is positioned below the level where ‘materials or load [are] hoisted or secured’ ” (Ross v Curtis-Palmer Hydro-Elec. Co., 81 NY2d at 500-501, quoting Rocovich v Consolidated Edison Co., 78 NY2d at 514). Further, the Court expressly refused to adopt a rule permitting recovery whenever the oc *35 cupational “injury was ‘related to the effects of gravity’ ” (Ross v Curtis-Palmer Hydro-Elec. Co., 81 NY2d at 500), “even if the harm in question was caused by an inadequate, malfunctioning or defectively designed scaffold, stay or hoist” (id. at 501). Rather, the Court explained that
“[t]he ‘special hazards’ ... do not encompass any and all perils that may be connected in some tangential way with the effects of gravity[, but] . . . are limited to such specific gravity-related accidents as falling from a height or being struck by a falling object that was improperly hoisted or inadequately secured” (id.).
That is, in the context of “elevation-related hazards” (id. at 500), liability attaches when a “protective device [has] proved inadequate to shield the injured worker from harm directly flowing from the application of the force of gravity to an object or person” (id. at 501).
Subsequently, the Court reaffirmed that “where a plaintiff was exposed to the usual and ordinary dangers of a construction site, and not the extraordinary elevation risks envisioned by Labor Law § 240 (1), the plaintiff cannot recover under the statute” (Toefer v Long Is. R.R., 4 NY3d 399, 407 [2005] [internal quotation marks and citation omitted]; see Misseritti v Mark IV Constr. Co., 86 NY2d 487, 489-491 [1995]). Even in cases involving a falling worker or falling object in which injury was caused by the force of gravity working on that person or object, “liability turn[ed] on whether a particular . . . task create[d] an elevation-related risk of the kind that the safety devices listed in section 240 (1) protect against” (Broggy v Rockefeller Group, Inc., 8 NY3d 675, 681 [2007]; see e.g. Toefer v Long Is. R.R., 4 NY3d at 408-409 [no liability in separate actions in which the plaintiffs fell from flatbed trucks after being struck by an object that flew at the plaintiff horizontally and after the plaintiff’s foot became tangled in a safety harness]; Narducci v Manhasset Bay Assoc., 96 NY2d 259, 269-270 [2001] [no liability in separate actions, including one in which the injury was caused by a light fixture falling from ceiling level onto the plaintiff who was working at the same level]; Melo v Consolidated Edison Co. of N.Y., 92 NY2d 909, 911 [1998] [no liability where injury caused by falling steel plate that was being moved by defective hoist and perpendicular to ground, but with edge resting on ground or hovering just above ground]; Rodriguez v Margaret Tietz Ctr. for Nursing Care, 84 NY2d 841, 843-844 [1994] [no liability *36 where the plaintiff was struck in the knee by a falling 120-pound beam that he was moving from seven inches above his head to ground level]).
In other words, the Court repeatedly held, implicitly and explicitly, that it is not enough that a plaintiffs injury flowed directly from the application of the force of gravity to an object or person, even where a device specified by the statute might have prevented the accident. Absent an elevation differential, “[t]he protections of Labor Law § 240 (1) are not implicated simply because the injury is caused by the effects of gravity upon an object” (Melo v Consolidated Edison Co. of N.Y., 92 NY2d at 911; see Narducci v Manhasset Bay Assoc., 96 NY2d at 270). And, as the cases cited above demonstrate, the fact that severe injury was caused by the force of gravity working on an object or person was insufficient to prove the elevation-related risk or elevation differential necessary to invoke “the exceptional protection” of the statute (Rocovich v Consolidated Edison Co., 78 NY2d at 514).
More recently, the Court of Appeals has determined that the prior cases read Labor Law § 240 (1) too narrowly, explaining that “[t]he breadth of the statute’s protection has . . . been construed to be less wide than its text would indicate” (Runner v New York Stock Exch., Inc., 13 NY3d 599, 603 [2009]). In Runner, the Court articulated for the first time that, despite its prior interpretation of Rocovich and Ross as limiting the statute’s scope to so-called “falling worker” and “falling object” cases (see Toefer v Long Is. R.R., 4 NY3d at 407; Narducci v Manhasset Bay Assoc., 96 NY2d at 267-268), liability under the statute should not be limited to those scenarios (Runner v New York Stock Exch., Inc., 13 NY3d at 603; see Wilinski v 334 E. 92nd Hous. Dev. Fund Corp., 18 NY3d at 9-10).[1] The Court re-framed — and recently reiterated — the applicable rule in Labor Law § 240 (1), stating:
“ ‘[T]he dispositive inquiry . . . does not depend upon the precise characterization of the device employed or upon whether the injury resulted from a fall, either of the worker or of an object upon the worker. Rather, the single decisive question is *37 whether plaintiffs injuries were the direct consequence of a failure to provide adequate protection against a risk arising from a physically significant elevation differential’ ” (Wilinski v 334 E. 92nd Hous. Dev. Fund Corp., 18 NY3d at 10, quoting Runner v New York Stock Exch., Inc., 13 NY3d at 603).
In determining whether an elevation differential is “physically significant” versus “de minimis,” the Court instructed that “the weight of the [falling] object and the amount of force it was capable of generating, even over the course of a relatively short descent,” must be taken into account (Runner v New York Stock Exch., Inc., 13 NY3d at 605; see Wilinski v 334 E. 92nd Hous. Dev. Fund Corp., 18 NY3d at 10; Harris v City of New York, 83 AD3d 104, 110 [2011]; see also Brown v VJB Constr. Corp., 50 AD3d 373, 376-377 [2008]).
In Runner, the Court also ruled that liability under the statute in a falling object case “does not . . . depend upon whether the object has hit the worker”; the “relevant inquiry” in that regard is “whether the harm flows directly from the application of the force of gravity to the object” (Runner v New York Stock Exch., Inc., 13 NY3d at 604). It does not appear that the Court intended to equate the “single decisive question” of whether there was a failure to provide protection against a “physically significant elevation differential” (id. at 603) with the “relevant inquiry” in “falling object cases” of “whether the harm flows directly from the application of the force of gravity to an object” (id. at 604). Put another way, there is no indication in Runner that the Court intended to impose a blanket rule that a physically significant elevation differential exists whenever an injury is gravity-related or gravity can be said to have contributed to the injury. Rather, this portion of Runner appears simply to have been instructing that liability under Labor Law § 240 (1) in falling object cases is not limited to those fact patterns in which the object directly strikes the injured worker (see Strangio v Sevenson Envtl. Servs., Inc., 15 NY3d 914, 915 [2010], modfg 74 AD3d 1892 [2010]; see also Davis v Wyeth Pharms., Inc., 86 AD3d 907, 909 [2011]). Subsequent Appellate Division cases, however, arguably have taken the approach that an elevation differential must be deemed “significant” under Runner— and, thus, trigger the applicability of the statute — whenever “gravity-related accidents” result in injury (DiPalma v State of New York, 90 AD3d 1659, 1660 [2011] [internal quotation marks and citation omitted]; see McCallister v 200 Park, L.P., 92 AD3d 927, 928-929 [2012]; Pritchard v Tully Constr. Co., Inc., 82 AD3d *38 730, 730 [2011]). Similarly here, although plaintiffs concede that there is still a requirement of a height differential, they argue that a physically significant height differential was present — despite the fact that the truss and plaintiff were both at the same level and the same height — because the operation of gravity on the truss caused plaintiff to be injured.
In our view, plaintiffs’ argument reflects an incorrect understanding of the law. Runner did not overturn the core holdings of Ross and Rocovich “that Labor Law § 240 (1) was aimed only at elevation-related hazards” (Ross v Curtis-Palmer Hydro-Elec. Co., 81 NY2d at 500, citing Rocovich v Consolidated Edison Co.; see Wilinski v 334 E. 92nd Hous. Dev. Fund Corp., 18 NY3d at 7). Rather, as explained above, the Court clarified the law in two respects, including that the statute’s reach is not to be limited to falling worker cases or falling object cases in which the object directly strikes the worker (Runner v New York Stock Exch., Inc., 13 NY3d at 604; see Davis v Wyeth Pharms., Inc., 86 AD3d at 909) and — more relevantly here— that the weight and force of the object during descent must be considered in determining whether a height differential is de minimis (Runner v New York Stock Exch., Inc., 13 NY3d at 605; see Harris v City of New York, 83 AD3d at 110). The Court did not hold that a height differential could never be de minimis when an accident was “gravity-related”; nor did it overturn its prior cases finding height differentials to be insufficient to sustain liability despite harm flowing directly from application of the force of gravity to an object (see Narducci v Manhasset Bay Assoc., 96 NY2d 259, 270 [2001], supra; Melop v Consolidated Edison Co. of N.Y., 92 NY2d 909, 911 [1998], supra; Rodriguez v Margaret Tietz Ctr. for Nursing Care, 84 NY2d 841, 843-844 [1994], supra).
Moreover, the Court has subsequently reaffirmed that “[w]hether a plaintiff is entitled to recovery under Labor Law § 240 (1) requires a determination of whether the injury sustained is the type of elevation-related hazard to which the statute applies” (Wilinski v 334 E. 92nd Hous. Dev. Fund Corp., 18 NY3d at 7; see Salazar v Novalex Contr. Corp., 18 NY3d 134, 139 [2011]). In Wilinski, upon which plaintiffs rely, the Court of Appeals expressly declined to adopt the “same level” rule that would preclude liability where the base of a falling object — 10-foot-tall pipes in that case — and the injured worker are on the same level (Wilinski v 334 E. 92nd Hous. Dev. Fund Corp., 18 NY3d at 9-10). Nevertheless, it determined that the statute was *39 applicable only after noting that the four-inch diameter, metal pipes fell at least four feet before striking the plaintiff (id. at 10). The Court concluded that the four-foot elevation differential, as measured from the top of the pipe to the top of the plaintiffs head, was not de minimis given the amount of force that the pipes generated over their descent (id.). Further, in a case that postdates Wilinski, the Court cited Rodriguez v Margaret Tietz Ctr. for Nursing Care (84 NY2d at 843) — which, as noted above, found the elevation differential to be de minimis where the plaintiff suffered severe injuries after being struck in the knee by a falling 120-pound beam that he was moving from seven inches above his head to ground level — for the proposition that “courts must take into account the practical differences between the usual and ordinary dangers of a construction site, and . . . the extraordinary elevation risks envisioned by Labor Law § 240 (1)” (Ortiz v Varsity Holdings, LLC, 18 NY3d 335, 339 [2011] [internal quotation marks and citations omitted]). In light of the Court’s continued reliance upon Rodriguez in a case decided after both Runner and Wilinski, it cannot be said that an elevation differential posed “the special elevation risks contemplated by the statute” simply because the force of gravity acting on a heavy object caused severe injuries when the object fell (Rodriguez v Margaret Tietz Ctr. for Nursing Care, 84 NY2d at 844; see Narducci v Manhasset Bay Assoc., 96 NY2d at 270 [citing Rodriguez for the proposition that “(t)he fact that gravity worked upon this object which caused (the) plaintiffs injury is insufficient to support a section 240 (1) claim”]).
Here, the falling object was a 10,000-pound truss that had been set upright but remained on the ground in preparation for placement into the building structure. Plaintiffs allege that the truss “tipped over and fell” after it was struck by the bar joist being carried by the forklift, and that the truss hit plaintiff in the shoulder on its way down, knocking off his helmet and pushing him into an adjacent truss, which also fell. The truss that knocked plaintiff down as it fell generated sufficient force to cause severe injuries, crushing plaintiffs legs. It is undisputed that, as plaintiff asserts, “there is no question but that [he] was injured by the operation of gravity on the trusses.”
Notwithstanding the substantial weight of the truss and the significant force generated as it fell due to the force of gravity, however, there was no elevation differential present here, let alone a “physically significant elevation differential” (Runner v *40 New York Stock Exch., Inc., 13 NY3d at 603). The truss and plaintiff were both at ground level, and they were either approximately the same height or plaintiff was slightly taller than the truss. Plaintiff’s injury occurred after the truss was rendered unstable by an object that hit it horizontally — the bar joist, which shifted sideways on the forklift and pushed the truss into plaintiff (see Toefer v Long Is. R.R., 4 NY3d 399, 408 [2005], supra). Under these circumstances, plaintiff was exposed to “ ‘the usual and ordinary dangers of a construction site, and [not] the extraordinary elevation risks envisioned by Labor Law § 240 (1)’ ” (Ortiz v Varsity Holdings, LLC, 18 NY3d at 339, quoting Rodriguez v Margaret Tietz Ctr. for Nursing Care, 84 NY2d at 843; accord Toefer v Long Is. R.R., 4 NY3d at 407; see Narducci v Manhasset Bay Assoc., 96 NY2d at 269-270; Melo v Consolidated Edison Co. of N.Y., 92 NY2d at 911; Davis v Wyeth Pharms., Inc., 86 AD3d at 908-910; Mueller v PSEG Power N.Y., Inc., 83 AD3d 1274, 1275 [2011]; cf. Kropp v Town of Shandaken, 91 AD3d 1087, 1089-1090 [2012]). Accordingly, Supreme Court properly dismissed plaintiffs’ Labor Law § 240 (1) claim.
The parties’ remaining arguments do not require extended discussion. With respect to their Labor Law § 241 (6) claim, plaintiffs sufficiently alleged that defendants “violated a regulation” promulgated by the Commissioner of Labor “that sets-forth a specific standard of conduct and not simply a recitation of common-law safety principles” (St. Louis v Town of N. Elba, 16 NY3d 411, 414 [2011]; see Rizzuto v L.A. Wenger Contr. Co., 91 NY2d 343, 349-351 [1998]; Ross v Curtis-Palmer Hydro-Elec. Co., 81 NY2d at 501-505). Plaintiffs base their section 241 (6) claim upon 12 NYCRR 23-9.8 (e), which provides that “[n]o lift or fork truck shall be used on any surface that is so uneven as to make upsetting likely.” As Supreme Court concluded, the regulation “mandates a distinct standard of conduct, rather than a general reiteration of common-law principles, and is [therefore] the type of ‘concrete specification’ that [is] require [d]” (Rizzuto v L.A. Wenger Contr. Co., 91 NY2d at 351; see Fritz v Sports Auth., 91 AD3d 712, 713 [2012]). Inasmuch as there is sharply conflicting testimony regarding whether the ground surface was so rough and uneven as to make upsetting of the forklift likely and further questions of fact regarding whether the alleged regulatory violation caused plaintiff’s *41 injuries, the court properly denied the parties’ respective motions for summary judgment on this cause of action.[2]
Furthermore, Supreme Court correctly denied defendants’ motion for summary judgment dismissing plaintiffs’ Labor Law § 200 and common-law negligence causes of action. Under section 200 and at common law, no liability attaches to an owner or general contractor if the defect or dangerous condition arose from the manner or method in which a subcontractor performed its work and the owner or general contractor had no supervisory control over the activity that caused the injury (see Comes v New York State Elec. & Gas Corp., 82 NY2d 876, 877 [1993]; Ross v Curtis-Palmer Hydro-Elec. Co., 81 NY2d at 505). In contrast, when “a plaintiff’s claim arises due to a defect or dangerous condition at the work site, the plaintiff must show that the defendants had actual or constructive notice of the condition that caused the accident and control over the place where the injury occurred” (Gadani v Dormitory Auth. of State of N.Y., 43 AD3d 1218, 1220 [2007]; see Harrington v Fernet, 92 AD3d 1070, 1071 [2012]; Cook v Orchard Park Estates, Inc., 73 AD3d 1263, 1264 [2010]; Wolfe v KLR Mech., Inc., 35 AD3d 916, 918 [2006]).
Here, plaintiffs alleged both that defendants failed to remedy a hazardous condition existing at the work site — the uneven ground, unstable soil and holes — and that the work was performed in a dangerous manner due to the failure to secure the bar joist on the forklift and the truss on the ground, and Luck’s failure to properly prepare the site. While it is undisputed that defendants had no authority to supervise or direct the manner in which the work was performed, issues of fact exist regarding the cause or causes of the accident, and whether defendants had actual or constructive notice of the hazardous condition at the site (see Cook v Orchard Park Estates, Inc., 73 AD3d at 1265; see also Harrington v Fernet, 92 AD3d at 1071-1072; Reyes v Arco Wentworth Mgt. Corp., 83 AD3d 47, 52-53 [2011]; Gadani v Dormitory Auth. of State of N.Y., 43 AD3d at 1221). Finally, while plaintiffs’ Labor Law § 200 claim was *42 properly dismissed as against Luck because it had no authority or control over plaintiffs work, questions of fact exist as to common-law negligence — specifically, regarding whether Luck created the dangerous condition on the premises (see Frisbee v 156 R.R. Ave. Corp., 85 AD3d 1258, 1259-1260 [2011]; Bell v Bengomo Realty, Inc., 36 AD3d 479, 481 [2007]).
The parties’ remaining arguments are rendered academic by our decision or not properly before us or, upon consideration, have been found to be lacking in merit.
Rose, Stein and McCarthy, JJ., concur.
Ordered that the order is affirmed, without costs.

. In a separate case, the Court ruled that liability for injuries caused by falling objects is no longer “limited to cases in which the falling object is in the process of being hoisted or secured” (Quattrocchi v F.J. Sciame Constr. Corp., 11 NY3d 757, 758-759 [2008]; see Wilinski v 334 E. 92nd Hous. Dev. Fund Corp., 18 NY3d at 9).

. We note that plaintiffs have abandoned their assertions that defendants violated five other Industrial Code regulations in addition to 12 NYCRR 23-9.8 (e). Further, inasmuch as Luck had no authority to supervise and control the use of the forklift — or any other work of J.T. Erectors — Supreme Court properly dismissed plaintiffs’ section 241 (6) cause of action, based on that regulation, against Luck (see Russin v Louis N. Picciano & Son, 54 NY2d 311, 318 [1981]).