(August 24, 2017)

██ In the Matter of ARTHUR LAUDER JR. et al., Appellants, v CHRISTINE PELLEGRINO et al., Respondents, and NEW YORK STATE BOARD OF ELECTIONS, Appellant. [61 NYS3d 184]—

Per Curiam. Appeal from an order of the Supreme Court (Mackey, J.), entered June 2, 2017 in Albany County, which, among other things, in a combined proceeding pursuant to Election Law § 16-114 and action for declaratory judgment, granted certain respondents' motions to dismiss the petition/complaint.

Petitioners, five qualified voters who reside within the 9th Assembly District, commenced this combined action and proceeding on May 16, 2017, one week prior to a May 23, 2017 special election for the public office of Member of the Assembly for the 9th Assembly District. Respondent Christine Pellegrino was a candidate for that office, and respondents New Yorkers for a Brighter Future (hereinafter NYBF), Teachers for Christine (hereinafter TFC) and Voice of Teachers for Education/Committee on Political Education of the New York State United Teachers (hereinafter VOTE/COPE) are alleged to have supported Pellegrino's candidacy and ultimate election. Petitioners allege that NYBF, acting as a political action committee or an independent expenditure committee (see Election Law § 14-100 [15], [16]),[1] made a prohibited $200,000 contribution to TFC, an independent expenditure committee, while the two entities shared "common operational control" (Election Law § 14-107-a [2] [a]). Based on this and other allegations, petitioners sought: (1) a declaration that NYBF made a prohibited contribution to TFC in violation of Election Law § 14-107-a; (2) an order directing NYBF to amend its registration documents; (3) an order directing TFC to refund the $200,000 contribution to NYBF; (4) a temporary restraining order prohibiting TFC from expending any of the funds it received from NYBF; and (5) a preliminary injunction restraining NYBF and TFC from spending any further money prior to the special election.

On May 16, 2017, Supreme Court (Platkin, J.) denied petitioners' request for a temporary restraining order and the matter was scheduled for a hearing on May 22, 2017. Pellegrino

1. Petitioners assert that, while NYBF is registered as a type 9 multicandidate committee, it is operating as a political action committee or an independent expenditure committee.

and respondent Friends of Christine Pellegrino (hereinafter FCP) answered and, at the hearing, moved to dismiss the petition/complaint against them on the grounds that petitioners made no allegations of wrongdoing as to them and sought no relief against them. In response, petitioners conceded that they only named Pellegrino and FCP out of "pruden[ce]" and the concern that they might be considered necessary parties. Meanwhile, and prior to answering, VOTE/COPE, NYBF and TFC moved to dismiss the petition/complaint against them, contending that, among other things, petitioners lacked standing to bring the proceeding/action and that the petition/complaint failed to state a cause of action. Respondent New York State Board of Elections took the position that petitioners had a statutory private right of action to pursue their claims, but did not take a position on the merits of those claims. After hearing oral argument on petitioners' motion for a preliminary injunction and the respective motions to dismiss, Supreme Court (Mackey, J.) granted the motion by Pellegrino and FCP on the basis that petitioners failed to seek any relief against them.[2] The court then dismissed the petition in its entirety, holding that petitioners "lack[ed] authority to bring this proceeding in the absence of a private right of action" and that "the statute upon which petitioners rel[ied did] not authorize the relief sought." Petitioners and the State Board now appeal.[3]

Contrary to Supreme Court's conclusion, petitioners do not wholly lack the authority to commence this proceeding/action. A party lacks the authority to sue where he or she is without both capacity and standing to sue (see Matter of Graziano v County of Albany, 3 NY3d 475, 479 [2004]). "Capacity to sue is a threshold matter allied with, but conceptually distinct from, the question of standing" (Silver v Pataki, 96 NY2d 532, 537 [2001]; see Community Bd. 7 of Borough of Manhattan v Schaffer, 84 NY2d 148, 154 [1994]). Capacity "concerns a litigant's power to appear and bring its grievance before the court" (Community Bd. 7 of Borough of Manhattan v Schaffer, 84 NY2d at

2. Petitioners do not raise any arguments on appeal with respect to Supreme Court's dismissal of the petition/complaint as against Pellegrino and FCP. Thus, we deem that aspect of their appeal abandoned (see Matter of Bush v Fischer, 93 AD3d 982, 982 n [2012]). Further, we note that, as limited by its notice of appeal, the State Board does not appeal from that portion of Supreme Court's order relating to Pellegrino and FCP.

3. Although petitioners prematurely filed their notice of appeal prior to the entry of Supreme Court's order, we exercise our discretion and treat the notice of appeal as valid (see CPLR 5520 [c]; Matter of Neroni v Granis, 121 AD3d 1312, 1313 n 1 [2014], appeal dismissed 25 NY3d 957 [2015]; Davis v Wyeth Pharms., Inc., 86 AD3d 907, 908 n 2 [2011]).

155; *see Silver v Pataki*, 96 NY2d at 537) and may, in some circumstances, be granted by statute (*see Matter of Graziano v County of Albany*, 3 NY3d at 479; *Community Bd. 7 of Borough of Manhattan v Schaffer*, 84 NY2d at 156; *see generally Matter of New York Blue Line Council, Inc. v Adirondack Park Agency*, 86 AD3d 756, 759 [2011], *appeal dismissed* 17 NY3d 947 [2011], *lv denied* 18 NY3d 806 [2012]). In contrast, "[s]tanding involves a determination of whether the party seeking relief has a sufficiently cognizable stake in the outcome so as to cast . . . the dispute in a form traditionally capable of judicial resolution" (*Matter of Graziano v County of Albany*, 3 NY3d at 479 [internal quotation marks and citation omitted]; *see Silver v Pataki*, 96 NY2d at 539). The concept of standing "is, at its foundation, aimed at advancing the judiciary's self-imposed policy of restraint, which precludes the issuance of advisory opinions" (*Community Bd. 7 of Borough of Manhattan v Schaffer*, 84 NY2d at 155; *see Society of Plastics Indus. v County of Suffolk*, 77 NY2d 761, 773 [1991]).

In Supreme Court, petitioners sought, as relevant here,[4] a declaration that NYBF made a prohibited contribution of $200,000 to TFC in violation of Election Law § 14-107-a and an order directing TFC to refund the $200,000 contribution to NYBF and compelling NYBF to amend its registration documents. Election Law § 16-114 (3) provides that "[t]he supreme court or a justice thereof, in a proceeding instituted . . . by any five qualified voters, . . . may compel by order . . . the members of any committee which has failed to comply . . . with any of the provisions of this chapter, to comply therewith." As such, petitioners—five qualified voters who reside within Pellegrino's district, the 9th Assembly District—have been statutorily afforded a private right of action to seek a declaration that NYBF violated the Election Law and to compel NYBF and TFC to comply with the Election Law (*see Matter of Avella v Batt*, 33 AD3d 77, 80 [2006]). Thus, petitioners have both capacity and standing to seek such relief.

NYBF, TFC and VOTE/COPE argue that Election Law § 14-126 (2) operates to exclude from the private right of action

4. In their petition/complaint, petitioners also sought a temporary restraining order preventing TFC from spending the disputed $200,000 contribution and a preliminary injunction regarding spending and fund-raising until NYBF filed the proper registration documents. Inasmuch as the May 23, 2017 special election has concluded, the issue of whether Supreme Court properly denied petitioners' request for a temporary restraining order and preliminary injunction has been rendered moot (*see Dever v DeVito*, 84 AD3d 1539, 1541-1542 [2011], *lv dismissed* 18 NY3d 864 [2012], *lv denied* 21 NY3d 861 [2013]).

found in Election Law § 16-114 (3) proceedings or actions seeking to redress any alleged violations of Election Law article 14, the article governing matters of campaign finance. Election Law § 14-126 (2) provides that "[a]ny person who . . . unlawfully accepts a contribution in excess of a contribution limitation . . . shall be required to refund such excess amount . . . to be recoverable in a special proceeding or civil action to be brought by the state board of elections chief enforcement counsel." We agree that petitioners lack the authority to seek an order directing TFC to refund the disputed $200,000 contribution, as the plain language of Election Law § 14-126 (2) demonstrates that the Legislature vested the chief enforcement counsel of the State Board with the exclusive authority to seek a *refund* of prohibited contributions made in violation of Election Law § 14-107-a. Thus, although petitioners have standing as five qualified voters in the 9th Assembly District, they lack the capacity to seek an order requiring TFC to refund the disputed $200,000 contribution (*see Matter of Graziano v County of Albany*, 3 NY3d at 479-480; *Matter of Parete v Turco*, 21 AD3d 691, 692 [2005]), and Supreme Court properly dismissed that portion of the petition/complaint.

However, we do not agree that Election Law § 14-126 (2) completely extinguishes the private right of action granted in Election Law § 16-114 (3) so as to deprive petitioners of the authority to seek an order declaring that NYBF violated Election Law § 14-107-a and compelling NYBF to amend its registration documents. The plain language of Election Law § 14-126 (2) does not evince such an intent, nor does the relevant legislative history (*see* Bill Jacket, L 2016, ch 286; Bill Jacket, L 2011, ch 399). Moreover, Election Law § 14-126 (1) (a), as well as Election Law § 3-104 (6),[5] reference the private right of action in Election Law § 16-114. When read together, these provisions lead us to the conclusion that the private right of action continues to exist with respect to the remaining relief requested by petitioners in the instant case. Therefore, we find that petitioners have the capacity and standing pursuant to Election Law § 16-114 (3) to seek an order compelling NYBF to amend its registration documents and declaring that NYBF violated Election Law § 14-107-a by making a $200,000 contribution to TFC. Consequently, the matter must be remitted to Supreme Court for further determination as to whether petitioners are entitled to the requested declaratory relief and whether NYBF was improperly registered.

---

**5.** Election Law § 3-104 (6) was added to the Election Law in the same legislation that created the position of chief enforcement counsel (*see* L 2014, ch 55).

Garry, J.P., Rose, Devine, Clark and Pritzker, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as granted the motion by respondents New Yorkers for a Brighter Future, Teachers for Christine and Voice of Teachers for Education/Committee on Political Education of the New York State United Teachers dismissing that part of the petition/complaint seeking (1) a declaratory judgment against New Yorkers for a Brighter Future and Teachers for Christine and (2) an order compelling New Yorkers for a Brighter Future to amend its registration documents; motion denied to that extent and matter remitted to the Supreme Court for further proceedings not inconsistent with this Court's decision; and, as so modified, affirmed.