Makkieh v Judlau Contr. Inc. (2018 NY Slip Op 04112)





Makkieh v Judlau Contr. Inc.


2018 NY Slip Op 04112


Decided on June 7, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 7, 2018

Renwick, J.P., Richter, Webber, Kern, Moulton, JJ.


6830 161493/15

[*1]Mahmoud Makkieh, Plaintiff-Respondent,
v
Judlau Contracting Inc., et al., Defendants-Appellants, Metropolitan Transportation Authority, Defendant.


Krez & Flores, LLP, New York (Edwin H. Knauer of counsel), for appellants.
The Taub Law Firm, P.C., New York (Christian T. Grim of counsel), for respondent.



Order, Supreme Court, New York County (Kathryn E. Freed, J.), entered October 13, 2017, which, to the extent appealed from, granted plaintiff's motion for partial summary judgment as to liability against defendant Judlau Contracting Inc. on his claim pursuant to Labor Law § 240(1), and denied defendants Judlau Contracting Inc., New York City Transit Authority and City of New York's (defendants) cross motion for summary judgment dismissing that claim, unanimously affirmed, without costs.
Plaintiff was injured when the nylon sling attaching a one-to-two ton steel plate to an excavator snapped, causing the heavy plate to fall to the ground, bounce, and sever the pole of a nearby street sign. The impact caused the sign to be propelled toward plaintiff, hitting his right forearm and causing him serious personal injuries.
Plaintiff established a prima facie claim under Labor Law § 240(1). As an engineer supervising the construction of the Second Avenue subway, he was engaged in an activity falling within the protections of the statute; Judlau failed to provide proper protection, in violation of the statute; and the violation was the proximate cause of plaintiff's injuries.
Defendants' reliance on Melo v Consolidated Edison Co. of N.Y. (92 NY2d 909, 911 [1998]) is misplaced. There, the plaintiff was injured by a defective hoist lifting a steel plate that was either resting on the ground or hovering slightly above the ground. The Court of Appeals held that Labor Law § 240(1) was not implicated, because the requisite elevation differential was missing (id. at 911-912). Here, by contrast, the photographs taken immediately before the accident show that the steel plate was about two or three feet above the ground. This elevation differential cannot be viewed as de minimis, given the weight of the steel plate and the amount of force it generated over the course of its relatively short descent (Runner v New York Stock Exch., Inc., 13 NY3d 599, 605 [2009]; Harris v City of New York, 83 AD3d 104, 109-110 [1st Dept 2011]).
Defendants' efforts to cast doubt on the specific device used to attach the steel plate to the excavator are irrelevant and fail to raise an issue of fact. Regardless of whether Judlau used a nylon sling, a metal sling, or any other device to attach the steel plate to the excavator, it failed to provide "proper protection" (see Harris at 111).
Defendants make the unavailing argument that Judlau is not liable because plaintiff was also at fault. However, the record shows that plaintiff had no involvement in attaching the steel plate to the excavator; that work, as well as the transportation of the plate, was performed solely by Judlau's employees. In any event, defendants do not argue, and there is no evidence, that plaintiff's actions were the sole proximate cause of his injuries. As such, any contributory negligence by plaintiff would not provide Judlau a defense to Labor Law § 240(1) liability (Barreto v Metropolitan Transp. Auth., 25 NY3d 426, 433 [2015]).
In light of the foregoing, we decline to address the parties' alternative arguments concerning liability under Labor Law § 200 and the applicability of res ipsa loquitur.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JUNE 7, 2018
CLERK